JOHNSON, Respondent, vs. THE ASHLAND WATER COMPANY, Appellant.

*April 2 — April 17, 1888.*

MASTER AND SERVANT. *(1) Temporary and gratuitous service.  (2) Failure to employ sufficient number of men.*

1. One who at the request of the man in charge temporarily assists in defendant's work, not expecting any pay, is, for the time being, a servant of the defendant and entitled to the same protection as any other servant.
2. When the failure to employ a sufficient number of men to perform a particular work in a reasonably safe manner is the proximate cause of an injury to a servant engaged in such work, the master is liable unless the servant may fairly be said to have assumed the risk incident to carrying on the work with an insufficient number of men.

APPEAL from the Circuit Court for *Ashland* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

Action to recover damages for personal injury sustained by the plaintiff while in the employ of the defendant. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled by the circuit court, and from the order overruling it defendant appeals to this court. The following is the substance of the complaint.

*First.* The complaint alleges that the defendant is a corporation, under the name stated in the title of the action.

*Second.* That John Johnson and G. W. Furville made an oral contract with the defendant to dig a ditch in Water street, in the town of Ashland, for a stipulated price per foot; that such ditch was a part of the work necessary for the construction of the water-works the defendant was constructing under its charter.

*Third.* That plaintiff was employed by said John John-

son and G. W. Furville, and engaged in digging said ditch, on the 14th day of October, 1885, and that at the same time the defendant was engaged in the work of calking and laying iron pipes in the ditch which plaintiff was engaged in digging; that one W. C. Pooley was the superintendent of said defendant, and as such superintendent had charge of the said work of calking and laying iron pipes, and employed men to do such work; that on said 14th day of October George Gandsey and several other men were engaged in calking and laying pipes, under the direction of said Pooley, superintendent, etc.; and that when said Pooley was not present personally directing and superintending said work the said George Gandsey was authorized by said Pooley to have control of the work and of the men who were assisting in said work.

*Fourth.* That while plaintiff was engaged in digging said ditch, and said Gandsey was, during the absence of said Pooley, engaged in calking said iron pipes, the said Gandsey called the plaintiff and directed him to raise one of the pipes upon which the said Gandsey was working; that the plaintiff responded to the request and instructions of said Gandsey, and raised one end of said pipe; and that while the plaintiff was so obeying the directions of said George Gandsey, without any fault or neglect on his part, the said iron pipe rolled from the blocks upon which it lay, and fell upon the plaintiff, breaking his leg and causing other severe injuries.

The remainder of the complaint is as follows: " That the tools, implements, and apparatus with which the defendant was doing said calking at that time and place were defective and unsafe, and said work was performed in an improper and unsafe manner, of all of which plaintiff had no knowledge. That in doing said calking at the time plaintiff was injured as aforesaid, the defendant and its servants carelessly and negligently laid the iron pipes upon

shingle blocks; and when said pipes were so placed upon shingle blocks they were insecure and were liable to roll off at any time. That while the said pipes were so placed upon shingle blocks it was unsafe to work upon them or move them, and that two men could not properly and safely handle and work upon said pipes when the said pipes were placed as above mentioned, of all of which plaintiff had no knowledge. In doing said work of calking and laying iron pipes it was the defendant's duty to this plaintiff to use proper and safe tools, implements, and apparatus, and to employ a sufficient number of servants to do said work in a safe and proper manner, and to use due care in all respects in doing said work; but the defendant failed to perform its said duty in so much that it did not furnish and use proper and safe tools, implements, and apparatus, and that it did not keep and use a sufficient number of servants to do said work in a safe and proper manner, by reason whereof, and by reason of the negligence of defendant's said servant, George Gandsey, plaintiff was injured as aforesaid, to his damage $3,000."

For the appellant the cause was submitted on a brief by *Tomkins & Merrill*. They contended that the demurrer to the complaint should have been sustained because it appears by such complaint that the plaintiff was a mere volunteer, and the defendant owed no duty to him in the premises. The precise danger in the handling of the iron pipe in question was plain and apparent and must have been known to the plaintiff, and he must be held to have assumed such known risks. Such being the case, he cannot maintain an action against the defendant even if the relation of such master and servant were shown to exist between them. *Kelly v. C., M. & St. P. R. Co.* 53 Wis. 74; *Naylor v. C. & N. W. R. Co.* id. 661; *Behm v. Armour,* 58 id. 1. Moreover, if the relation of master and servant is held

to exist, the injury was caused by the negligence of a fellow servant, and the master is not liable.

*A. E. Dixon,* for the respondent.

TAYLOR, J. It is claimed by the learned counsel for the appellant that the complaint does not state a cause of action because it shows that the plaintiff was a mere volunteer in the work in which he was engaged at the time he received his injury. Under the allegations of the complaint, the plaintiff was engaged in the defendant's work at the request of the man in charge of the work; and, although it may be said that his employment was for a mere temporary purpose, and that the plaintiff was not expecting any pay for the work done, and in that sense the employment was voluntary, still, being in the defendant's employment at the request of its servant or foreman, he was not a trespasser, and he was, for the time being, the servant of the defendant, and entitled to the same protection as any other servant of the defendant, and probably subject to the same risks of injury from the negligence of his fellow-servants. This seems to be the rule established by the authorities, and is supported by considerations of justice. Elwell's Evans on Agency, 682; Wood on Mast. & Serv. 909, sec. 455; *Degg v. M. R. Co.* 1 Hurl. & N. 773; *Potter v. Faulkner,* 31 Law J. Q. B. 30; *Warburton v. G. W. R. Co.* L. R. 2 Exch. 30, 36 Law J. Exch. 9; *Wiggett v. Fox,* 11 Exch. 832; *Abraham v. Reynolds,* 6 Jur. (N. S.), 53; *Flower v. P. R. Co.* 69 Pa. St. 210; *New Orleans, J. & G. N. R. Co. v. Harrison,* 48 Miss. 112, 12 Am. Rep. 356; *Street R. Co. v. Bolton,* 43 Ohio St. 224, 226.

Conceding that the complaint shows that the plaintiff stood in the relation of a servant or employee of the defendant at the time the accident happened, does it state other facts which, if proved on the trial, would make the

defendant responsible to him in damages for the injury received? We think this question should be answered in the affirmative. Laying out of view all other allegations in the complaint, the allegations contained in the last paragraph thereof are sufficient to make out his cause of action. If he proves on the trial that his injury resulted from the defendant's failure to employ a sufficient number of men to do the work in a safe and proper manner, and by reason of such want of men he was injured, then he is *prima facie* entitled to recover.

The courts have uniformly held that it is a duty which the employer owes his servants, when set to do any particular work, that he shall provide a sufficient number of men to do the work in a reasonably safe manner. This duty is placed on the same ground which requires the employer to furnish safe implements and appliances for doing the work and a reasonably safe place in which the work is to be done. Wood, in his work on Railway Law (Vol. 3, p. 1487, sec. 381), says: "The term 'appliances' of the business embraces not only machinery, premises, and all the implements of every kind used in and about the business, but also the persons employed to operate them; and the master must furnish a sufficient number of persons competent to perform the labor safely; and, when the failure to employ a sufficient number of hands to perform the particular service is the proximate cause of the injury, the master is liable unless the servant may fairly be said to have assumed the risk incident thereto." This is a reasonable and just rule, and has been approved by all the courts in which the question has been raised, except in cases where the employee knew at the time that there was a want of sufficient help, and, notwithstanding such knowledge, entered into the employment. *Flike v. B. & A. R. Co.* 53 N. Y. 549, 554; *Hayes v. W. R. Corp.* 3 Cush. 270; *Mad R. & L. E. R. Co. v.*

*Barber*, 5 Ohio St. 541, 563; *Skipp v. E. C. R. Co.* 9 Exch. 223; *Booth v. B. & A. R. Co.* 73 N. Y. 39.

The facts stated in the complaint negative any presumption that the plaintiff was aware of the fact that there was a want of sufficient men to perform the work safely, which he was suddenly called upon to assist in doing. It cannot be said, therefore, from the facts stated in the complaint that the plaintiff assumed the dangers incident to carrying on the work with an insufficient number of men. We think the complaint states a good cause of action, and the demurrer to the same was properly overruled.

*By the Court.*— The order of the circuit court appealed from is affirmed, and the cause is remanded for further proceedings.

See note to this case in 37 N. W. Rep. 823.— REP.

