Downs, Appellant, vs. Northern States Power Company, Respondent.

*December 4, 1929—January 7, 1930.*

*Fred Arnold* of Eau Claire, for the appellant.

For the respondent there was a brief by *Linderman, Ramsdell & King* of Eau Claire, and oral argument by *Bailey R. Ramsdell.*

STEVENS, J. The complaint alleges that the plaintiff was a passenger on one of defendant's street cars; that she rang the bell and stood at the door of the street car ready to alight at the customary stopping point at a street intersection; that the car ran past the intersection and stopped in front of plaintiff's home; that the vestibule door was opened, inviting plaintiff to alight, and that as she was in the act of bringing her left foot to the pavement she was struck and injured by a passing motorcycle which was traveling in the same direction as the street car.

The complaint is voluminous, but the substance of all its allegations is that the company failed to perform the duty imposed on a carrier of passengers when it stopped its car in the middle of the block, not at a usual stopping place, and invited the plaintiff to alight without warning her of the danger of injury from the passing motorcycle which struck her.

Of necessity a street railway company must receive and discharge its passengers upon the public streets, therefore "courts have differentiated between the duties of a street-car company to its passengers and a commercial railway in so far as a duty rests upon either to furnish safe passage to and from a car. From the very nature of things a street-car company cannot discharge those duties with respect to passengers. It has no control over the streets or traffic upon the streets. It has no stations or platforms, and can erect none upon the street. From the curbing to the car is a public place, open to travel by all, and over it the company has no jurisdiction or control." *Chesley v. Waterloo, C. F. & N. R. Co.* 188 Iowa, 1004, 1009, 176 N. W. 961, 12 A. L. R. 1366, 1369.

The cases quite generally hold that street railways are not liable for injuries sustained after passengers have safely alighted from street cars, unless the injury is caused by some negligent act on the part of the company. The complaint contains no allegation that the motorman in charge of the

car knew of the danger to the plaintiff caused by the on-coming motorcycle or that the danger was any more obvious to him than to the plaintiff. The allegation is that the negligence consisted in the motorman's failure to keep a lookout for and to discover the danger and to warn the plaintiff of the same before she was injured.

While there is some conflict in the cases, the great weight of authority, sustained by the better reasons, supports the rule that a street railway company is not liable for injuries sustained by passengers in the act of alighting from street cars where the injury is caused by vehicles moving along the street. "The danger from moving vehicles and from other independent agencies operating upon the street is an ever-present one, intermittent in character, varying in degree with each occasion, and is of such kind that previous warning by the company of each specific danger as it arises would become practically impossible. The danger is not constant, but often arises suddenly, and is only momentary. The person encountering danger, having alone the control over his own movements, must rely upon himself and upon his own precaution and judgment. The responsibility of the company should be coextensive with its practical control. It is impracticable for another to take the responsibility of attempting to control and guard, as to such dangers, the person able to take care of himself. The passenger is in a much better position to guard against those dangers than is the company. . . . The danger of being struck by passing vehicles is commonly known to all, and one which the street railway company cannot guard the passenger against, any more than it can guard the passenger against conditions of the street where it is required to discharge passengers." *Jacobson v. Omaha & C. B. St. R. Co.* 109 Neb. 356, 365, 191 N. W. 327, 31 A. L. R. 563, 570.

"In fact, the risk from such danger is more apparent to the passenger than to the motorman because the passenger can, and should, remain on the street car until he knows

that it is safe for him to step onto the street. Being able to so effectually care for himself, the law should not charge some one else, who obviously cannot do so as well, with the duty of protecting him from such obvious and common dangers. It would, under the circumstances, be impracticable to require the company to take the responsibility of protection against these obvious dangers of the street. The motorman has no way of knowing when a driver will instantaneously become a wrongdoer. He at best could have but little judgment as to these dangers when he is attending his usual duties. The imposition of this additional and exacting duty would necessarily delay traffic with little hope of successful avoidance. The company is not the creator of these conditions or street dangers and they are beyond its control. To say that its duty requires it to protect the passenger from them is, in effect, to make it an absolute insurer of safety to the passenger." For the passenger, "the duty is simple and easy. For the company, the responsibility would be so burdensome and impracticable that it would be unreasonable, hence cannot be held to be its duty. Such risks belong to the passenger, and the company cannot be charged with the duty of protecting him, or of giving him warning of such existing dangers." *Ruddy v. Ingebret,* 164 Minn. 40, 42, 204 N. W. 630, 44 A. L. R. 159, 161.

When employees of street railway companies have knowledge of dangers not known to passengers or when it is apparent to them that the passenger is not able to protect himself, because of age, physical incapacity, or other like reason, it may become the duty of such employees to warn of danger. But there is no duty to warn of a danger which is as open and obvious to the passenger as to the employee. *Jacobson v. Omaha & C. B. St. R. Co.* 109 Neb. 356, 191 N. W. 327, 31 A. L. R. 563, 570; *Oddy v. West End St. R. Co.* 178 Mass. 341, 349, 59 N. E. 1026.

*By the Court.*—Order affirmed.