MOEN (EDITH), Respondent, vs. MADISON RAILWAYS COMPANY, Appellant.

*May 9—June 20, 1932.*

382

For the appellant there was a brief by *Schubring, Ryan, Clarke & Petersen* of Madison, and oral argument by *William Ryan*.

For the respondent there was a brief by *Hill, Beckwith & Harrington,* attorneys, and *Emil F. Wegner* of counsel, all of Madison, and oral argument by *Mr. Wegner.*

WICKHEM, J. The first contention of the appellant is that the complaint fails to state a cause of action because it fails to charge the motorman with the doing of any negligent act or with the negligent omission to do any act causing plaintiff's injury. This contention is chiefly predicated upon the well-established rule that the operator of a street car is not negligent in opening the street-car door to enable a passenger to alight, without warning the passenger of the danger of injury from a passing vehicle. *Downs v. Northern States Power Co.* 200 Wis. 401, 228 N. W. 471. In the *Downs Case* the complaint alleged that the plaintiff was a passenger upon defendant's street car; that she rang the bell and stood at the door of the street car ready to alight at the customary stopping point at a street intersection; that the car ran past the intersection and stopped in front of plaintiff's home; that the vestibule door was opened, inviting plaintiff to alight, and that as she was in the act of bringing her left foot to the pavement she was struck and injured by a passing motorcycle which was traveling in the same direction as the street car. It was held that the complaint was demurrable, upon the ground that street railways are not liable for injuries sustained after passengers have safely alighted from street cars, unless the injury is caused by some negligent act on the part of the company. It was held that the passenger was quite as able to protect himself as the motorman, in the absence of some showing of physical infirmity, age, or some danger known to the motorman and not known to the passenger. The respondent does not deny the validity of the doctrine in the *Downs Case,* which is in accordance with the great weight of authority upon the

duties of a motorman to an alighting passenger. Respond-
ent, however, contends, and soundly, we think, that the doc-
trine of the *Downs Case* is based solely upon the fact that
the passenger who is alighting has the same opportunity as
the motorman, and perhaps a better opportunity, to guard
against the common dangers involved in entering the traffic
zone. The fact that the doctrine of the *Downs Case*, and
other cases holding with that case, is stated in terms of duty
is quite significant.

There is ordinarily no negligence as to the alighting pas-
senger because there is no duty to warn him or to protect
him against the perils necessarily involved in leaving a street
car. The absence of a duty eliminates all questions of neg-
ligence because it removes the foundation upon which negli-
gence rests.

It does not follow, however, that the motorman does not
owe to the passenger who is still in the car a duty quite
separate and distinct from that owed to the alighting pas-
senger. The passenger who is alighting has as full an op-
portunity to see the dangers of leaving the street car, and of
guarding against them, as has the motorman. He is leaving
the charge of the motorman and the protection of the street
car, and the hazards to which he is subjected in alighting
are neither created by nor under the control of the motor-
man. It is not so with the passenger who is still seated.
The company still owes him the duty of exercising ordinary
care for his safety, and if by the negligent operation of the
street car injury to him is produced, liability follows. It
does not matter that the same act may be held not to be
negligent as to the alighting passenger. It is negligent as
to the seated passenger if it violates a duty owed to him.

It is further contended that there is no allegation that the
motorman knew of the approach of the fire truck, and that
upon the former appeal of this case it was held that such an

allegation is essential. It is true that the complaint does not literally allege this knowledge, but it does set forth the facts from which such knowledge is to be inferred, namely, that the gong was heard by the motorman for the reason that it was heard by other passengers in close proximity to him. In so far as this portion of the complaint seeks to charge the motorman with knowledge of the approach of the fire truck, it is perhaps subject to some criticism. The rules of correct pleading would call for an allegation on information and belief that the motorman knew of the approach of the fire truck, and support of this allegation at the trial by evidence that those in close proximity to the motorman heard the gong and were aware of the approach of the truck. In other words, on this phase of the case the plaintiff, in order to meet the requirements of this court that the complaint avoid the pleading of conclusions, has perhaps gone to the other extreme and pleaded some evidence. There is, however, an allegation on information and belief that the motorman heard the sounding of the gong, and we think that is a sufficient allegation of knowledge on his part that the fire truck was approaching. That such an allegation is sufficient is indicated in the opinion upon the former appeal. In so far as the complaint seeks to charge that the motorman, in the exercise of ordinary care, should have discovered the approach of the fire truck, we think the allegations of plaintiff are not merely proper but essential, if plaintiff is to state a cause of action for negligence without resorting to conclusions. In the former opinion it was stated that the allegation that the motorman, by the exercise of due care, could have heard the warning, is a conclusion rather than a fact. If that is true, then it is clearly proper to plead the facts from which this conclusion flows. The allegation that other passengers in close proximity to the motorman heard the truck may constitute the pleading of evidence, in so far as

the matter of actual knowledge of the motorman is concerned, but they clearly are ultimate facts so far as his negligence in discovering the approach of the truck is concerned.

It is further contended that there is no causal relation between the opening of the door and the injury to plaintiff. A liberal construction of the complaint indicates that the basis of plaintiff's claim is that the motorman negligently operated the street car so as to block the street in front of the oncoming truck, and to compel the truck driver suddenly to change his course. This is not merely an allegation that defendant has created a situation where "the negligence does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent independent act of a third person." *Hartnett v. Boston Store,* 265 Ill. 331, 106 N. E. 837. See, also, *Lippert v. Joseph Schlitz B. Co.* 141 Wis. 453, 124 N. W. 491; *Hendley v. Chicago & N. W. R. Co.* 198 Wis. 569, 225 N. W. 205. It alleges a negligent act which substantially caused the injury by creating an immediate emergency for the truck driver, thereby compelling him to swerve from his course and to strike the street car. *Wright v. Buckley,* 204 Wis. 520, 235 N. W. 417, 236 N. W. 378.

For the foregoing reasons it is concluded that the complaint states a cause of action, and that the demurrer was properly overruled.

*By the Court.*—Order affirmed.