NEMETH, Appellant, vs. FARMERS CO-OPERATIVE ELEVATOR COMPANY and another, Respondents.

*February 17—March 29, 1948.*

For the appellant there was a brief by *Wilbershide & Baumblatt* of Racine, and oral argument by *J. C. Wilbershide*.

*Alfred E. La France* of Racine, for the respondents.

HUGHES, J. The verdict is peculiarly framed and its answers inconsistent. The jury made identical findings with

respect to negligence and its causal effect, on the part of both the appellant and the respondent. It absolved both from any duty to foresee that injury was likely to ensue from their negligent acts. The jury then attributed the total causal negligence to the appellant, although it apparently found that the truck driver had gone forward when appellant expected him to back the truck. In the face of this finding it is difficult to understand how the jury could fail to find that the driver should have anticipated injury.

The respondent relies upon *Berrafato v. Exner* (1927), 194 Wis. 149, 216 N. W. 165, in support of its contention that the verdict in the case is complete and that judgment should be rendered dismissing the action upon its merits. We are unable to read anything in the opinion in that case that should give comfort to the respondent upon this point. The court there suggested that the question of negligence might be divided, making one question pertain to ordinary care, a second question upon causation, and a third question upon the subject of anticipation, the purpose being to subdivide the question of negligence into lack of ordinary care and anticipation. It is sufficient to say that the trial court in this case apparently was not following the suggestion made in the *Berrafato Case* and as a consequence there is here the inconsistency which this court was attempting to avoid in the *Berrafato Case.*

We are satisfied that this verdict cannot stand and that if the appellant has a cause of action, a new trial is necessary to determine her substantive rights.

The respondent's contention is that appellant was a temporary employee and that she is limited to recovery under the Compensation Act, sec. 102.03 (2), Stats. *Heist v. Wisconsin-Minnesota L. & P. Co.* (1920) 172 Wis. 393, 179 N. W. 583; *Johnson v. Ashland Water Co.* (1888) 71 Wis. 553, 37 N. W. 823; and *Johnson v. Wisconsin Lumber & Supply Co.* (1931) 203 Wis. 304, 234 N. W. 506. Respondent cites a number of decisions from other jurisdictions to the same effect.

The principal question raised on this appeal is whether the appellant was an employee of the Farmers Co-operative Elevator Company, as found by the trial court.

In *Johnson v. Wisconsin Lumber & Supply Co., supra,* the defendant's truck loaded with lumber went through a soft spot in the black-top and became stuck in the mud in front of Johnson's farm. Johnson, at the request of the truck driver, got out his tractor and pulled the truck out. He was injured in the operation and sued in *tort.* The court held that he was an employee of the defendant and had only the right to proceed under the Workmen's Compensation Act. The court said, p. 311:

"An emergency having arisen, the driver no doubt had apparent authority if not actual authority to do whatever was necessary to forward his employer's business and release the truck under the circumstances of this case."

It will not be necessary here to determine whether an emergency arose which entitled the truck driver to engage temporary help on behalf of his employer. Under the facts as stated we think it clear that the appellant was engaged in furthering her own interests and that her activities were for the purpose of getting delivery of the coal and not to accommodate the coal company. It would appear to be a rather far cry to make the person who had ordered services an employee merely because she casually assisted a workman who was performing the service. This exception to the rule appears to be supported by the authorities. *Denton v. Morgan* (1915), 166 App. Div. 117, 151 N. Y. Supp. 729, 119 N. E. 1038.

*By the Court.*—Judgment reversed, and cause remanded with instructions to grant a new trial upon the merits.