PALMER, Appellant, vs. HENRY DISSTON & SONS, INC., and another, Respondents.

*March 6—April 8, 1952.*

For the appellant there were briefs by *Eberlein & Eberlein* of Shawano, and oral argument by *Frederic C. Eberlein*.

For the respondents there was a brief by *Fisher, Reinholdt & Peickert* of Stevens Point, and oral argument by *William E. Fisher*.

FAIRCHILD, J. We are convinced that the trial court reached the correct result. If the question presented were other than one of law, a new trial might properly have been granted. However, the plaintiff was injured when a tree, on which he was pushing in an effort to control the direction of its fall, fell and bounced or rolled, and a branch struck his leg; and it appears from the statement of facts that, after

the defendant had taken charge of the operation of felling the tree, plaintiff assumed the responsibility of a volunteer or rescuer, either in his own interest, to save the saw, or to assist the defendants. Under the facts which constitute the premises on which the action is based there is nothing to create a duty on the part of defendants arising out of any then existing relation out of which any liability for the injuries was visited upon the defendants. We are impelled to reach this conclusion because of the rules of law applicable to one placing himself in the situation in which the plaintiff placed himself.

When plaintiff left his place of safety and undertook to direct the fall of the tree, a new situation was created by him, independent of what may have preceded and independent of any act of the defendants. A person who engages himself in an effort to help remedy an existing condition ordinarily takes things as he finds them. It is his duty to exercise reasonable care. Plaintiff was an experienced woodsman. He knew what the situation was. He was fully aware that when a tree is felled there may be a bouncing or rolling. He does assert that the defendant should have warned him not to approach the tree. But as a volunteer he can claim no duty or obligation resting on the defendants to insure his safety.

As he acted for the purpose of causing the tree to fall in a manner that would make it easier "to skid it out after it fell," he was acting to further his own interests. In the case of *Nemeth v. Farmers Co-operative Elevator Co.* 252 Wis. 290, 294, 31 N. W. (2d) 569, which was an action for injuries sustained by the plaintiff while she was setting a block under the wheel of a truck from which defendant's truck driver was delivering coal to plaintiff's home, it was said: "Under the facts as stated, we think it clear that the appellant was engaged in furthering her own interests and that her activities were for the purpose of getting delivery of the coal and not to accommodate the coal company."

Upon the argument, plaintiff referred to a class of cases, among which we assume that he meant to call attention to the cases of *Brown v. Travelers Indemnity Co.* 251 Wis. 188, 28 N. W. (2d) 306, and *Hatch v. Smail,* 249 Wis. 183, 23 N. W. (2d) 460. It is considered, however, that neither the cases cited in their brief nor those suggested on argument are with relation to situations similar enough to be treated as precedents controlling the case at bar. It is true, of course, that an act or omission of an act may be the foundation of a cause of action at law, but only when it appears that a duty was owing to the injured person by the actor claimed to have been negligent. There are combinations of circumstances which so closely connect the incidents of subject matter to be considered as to comprehend them in a "proximate-cause" relationship to each other, because they spring out of and are strictly contemporaneous with the principal fact claimed to be the basis of a cause of action. That rule is recognized in such cases as plaintiff referred to. However, when remoteness of an antecedent act is substantial and therefore sufficient to separate it from a later incident, the doctrine of those cases does not apply. That is so because the question then is controlled by the facts which make up the circumstances of the last occurrence. When the facts do not constitute a continuous succession of events so linked together as to make a natural whole, our consideration then centers upon the act or behavior of the plaintiff. *Spence v. American Oil Co.* 171 Va. 62, 197 S. E. 468, 118 A. L. R. 1120.

Plaintiff gratuitously entered into his effort under circumstances which placed upon himself the duty to exercise reasonable care, competence, and skill. *Kramer v. Chicago, M., St. P. & P. R. Co.* 226 Wis. 118, 276 N. W. 113; *Nelson v. Chicago, M., St. P. & P. R. Co.* 252 Wis. 585, 32 N. W. (2d) 340. It became his problem. It must be conceded that the defendant Durand did nothing in the interval

between the time when plaintiff retired to a place of safety and the time when he was injured that amounted to a negligent act or the omission of an act constituting negligence. It follows that no cause of action exists against defendants, and the trial court correctly determined that a motion for a directed verdict should be granted.

*By the Court.*—Judgment affirmed.