O'CONNOR and another, Appellants, vs. LARRABEE, Defendant: RACINE MOTOR COACH LINES, INC., Respondent.

*May 4—June 8, 1954.*

For the appellants there was a brief by *Baumblatt, Hardy & Storms* of Racine, and oral argument by *L. P. Baumblatt.*

For the respondent there was a brief by *La France, Thompson & Zahn,* attorneys, and *Alfred E. La France* of counsel, all of Racine, and oral argument by *Alfred E. La France.*

FAIRCHILD, C. J.   The pleading demurred to shows that Mrs. O'Connor, one of the appellants, stepped from the bus of respondent in perfect safety. She alighted at a bus stop which was located in the middle of a city block. There is no allegation in the complaint tending to show a lack of reasonable opportunity for her to continue in the place of safety or to proceed therefrom in any manner other than one for which she would be personally responsible. She was at that time no longer under the care of respondent arising from any duty upon the carrier's part. The relation of passenger and carrier does not continue merely because a transfer has been issued entitling the passenger to find transportation on another bus. Especially is this true when such passenger is free from direction and control of the carrier. *Virginia R. & P. Co. v. Dressler,* 132 Va. 342, 111 S. E. 243, 22 A. L. R. 301. The decision sustaining the demurrer is based on the

general rule that a person ceases to be a streetcar passenger as soon as he steps from the car into a public street and has a reasonable opportunity to leave the place at which he alights, provided, of course, that he is set down at a place of the company's independent choosing which is reasonably safe and proper for that purpose. The complaint as far as it affects the respondent Bus Company does not state facts sufficient to constitute a cause of action. There is no showing that a combination of material circumstances existed imposing any existent duty upon respondent toward appellant. Appellant's difficulty arose out of events occurring subsequent to her leaving the place of safety furnished by respondent. *Hadrian v. Milwaukee E. R. & T. Co.* 241 Wis. 122, 1 N. W. (2d) 755, 5 N. W. (2d) 765; *Steinburg v. Milwaukee E. R. & L. Co.* 222 Wis. 37, 266 N. W. 793; *Zalewski v. Milwaukee E. R. & L. Co.* 219 Wis. 541, 263 N. W. 577.

The demurrer of the respondent Bus Company was properly sustained.

*By the Court.*—Order affirmed.