RUPLINGER and wife, Appellants, v. THEILER and wife, Respondents.

*February 3—March 3, 1959.*

494

For the appellants there was a brief and oral argument by *Robert G. Hebert* of Tomahawk.

For the respondents there was a brief by *Smith, Okoneski, Puchner & Tinkham,* and oral argument by *Richard P. Tinkham* and by *John E. Bliss,* all of Wausau.

BROWN, J.   Evidence which the jury might believe sustains the verdict by establishing this: Mrs. Ruplinger came out of Theilers' store and started down a flight of six steps, proceeding down the north side of the steps. The stairs from north to south were six feet $11\frac{1}{2}$ inches wide, with handrails along each edge. When Mrs. Ruplinger had come about halfway down the steps she fell and broke her ankle. No one saw her fall but others heard her cry out. Testimony concerning her own admissions and the place where she was found afterward supported the location of her fall.

About one foot from the south edge of the top stair or platform there was a hole or large crack where the top step joined the level platform of the sidewalk. The principal issue litigated was whether plaintiff fell at and because of the crack or whether she fell at the other part of the stairs uninfluenced by the crack. By the finding of the jury that the injuries were not caused by a natural result of this defect the jury in effect found that the fall was halfway down the north portion of the stair and the fall had nothing to do with the area in which the defect existed.

If the defect was not a cause of the fall the safe-place statute, sec. 101.06, has no bearing on the liability. Appellants try to get the safe-place statute into the case contending that where there was an unsafe place on the steps or platform it must be presumed that the defect caused the injury. This is not the ruling of *Umnus v. Wisconsin Public Service Corp.* (1952), 260 Wis. 433, 51 N. W. (2d) 42, upon which appellants make this argument. Where

the accident took place at a spot which required a place to be made safe there is a presumption that lack of those safety measures was a cause of the accident or injury, as in *Umnus v. Wisconsin Public Service Corp., supra.* But there is no such presumption where the accident or injury did not occur at the place where the defect existed or that safeguards or the elimination of the defect have any effect in preventing the accident or their absence caused it. On the evidence the jury might properly find that the defect was not at the place where plaintiff lost her footing. With such finding, the safe-place statute does not create causal negligence.

The appellants complain because of this instruction by the court:

"Each of these two questions inquires whether the injury involved in this action was a natural result of failure or negligence on the part of the person named in this question.

*"This presents the simple question whether the relation of efficient cause and natural effect existed between such failure or negligence, if any, as you find occurred, and the injury.* Failure or negligence is a cause of such an event when it alone produces it, or co-operates with some other cause in producing it jointly as a natural result.

"There may be more than one cause of such an event. The failure or negligence of one person alone may produce it, or failure or negligence of two or more persons may jointly produce it. The fact that the injury occurred is not conclusive that it was caused by failure or negligence of any person. It might be the result of an unavoidable accident. It is for you to determine, from the evidence, whether it was in this instance a natural result of failure or negligence of one or more of the parties to this action." (Italics ours.)

The appellants contend that the words "natural result" and "natural effect" were error and the jury was thereby misled by thinking that the court meant the common or usual effect of the negligence, thus confusing foreseeability,—

negligence,—with causation. In the past we have criticized "natural and probable" resulting in error in an instruction but in this instruction there was no mention of "probable" result. That part of the instruction underlined makes clear that the court directed the jury's attention to the simple question of relationship between efficient cause and natural result.

We do not find error in the instruction.

Appellants contend that prejudicial error resulted in failure to give questions regarding all the items of respondents' alleged negligence, containing (1) failure to repair and maintain the step, and (2) failure to give warning. Since the jury found that the accident occurred in a place distant from the defect the questions on repair and warning are immaterial and their omissions are not prejudicial.

There was testimony that the appellants made admissions against interest right after the accident, and repeated on later occasions, that Mrs. Ruplinger did not know what caused her to fall. Mrs. Ruplinger attempted to prove by a witness that on the day after the accident Mrs. Ruplinger had said to her that the fall was caused by catching her foot in the hole before referred to. This is simply an attempt to prove a fact by hearsay. To get it into evidence appellants contend that this is admissible to defend against an accusation that a witness is guilty of a recent fabrication, this being an exception to the rule against hearsay. *Pocquette v. Carpiaux* (1952), 261 Wis. 340, 52 N. W. (2d) 787, is in point. Then, as now, defendant did not accuse plaintiff of any recent fabrication. Also, the statement now sought to be admitted was not made prior to a time when Mrs. Ruplinger would be unmindful of the effect of her statements in a subsequent lawsuit. The proffered evidence was correctly rejected by the court under the hearsay rule.

The plaintiffs ask for a new trial in the interest of justice because the verdict is against the great weight and clear

preponderance of the evidence. The evidence supporting the verdict is reasonably convincing to a jury and we cannot find that justice requires the respondents to submit to a new trial.

*By the Court.*—Judgment affirmed.