**J. Fred BEAN, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

No. 60–C–222.

United States District Court
E. D. Wisconsin.

July 3, 1963.

Donald R. Hunter, Milwaukee, Wis., for plaintiff.

James B. Brennan, U. S. Atty., by Louis W. Staudenmaier, Jr., Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

Action for personal injuries under the Federal Tort Claims Act, 28 U.S.C.A., Sections 1346 and 2674.

The plaintiff, J. Fred Bean, fell while descending the stairs of the Walnut Street entrance at the old Post Office Building in Green Bay, Wisconsin. He had visited the Post Office on the evening of December 2, 1958, to mail letters. He entered the building by using the entrance on the north side of the building, commonly referred to as the Walnut Street entrance. Plaintiff used the west handrail as he ascended the stairs. Upon leaving the building, he followed a path which placed him about two feet from the west handrail as he started down. He descended the stairs in a straight line and remained parallel to the west handrail until the handrail curved to the west as the stairs widened at the fifth stair, and continued to do so down to the sidewalk level. Upon reaching the second step above the sidewalk, he fell and landed slightly to the right of the path he had been following.

Plaintiff alleged three violations of the Wisconsin Safe Place Statute in his complaint, to wit:

1. The handrail on said stairway was inadequate.

2. The edging on the second step was inadequate.

3. The lighting on said stairway was inadequate.

In the pretrial order, the plaintiff stipulated that the following were the grounds upon which liability was alleged:

1. The second step from the bottom had been worn in the back of the safety plate to a depth of one-half inch.

2. There was ice and snow on the steps.

3. The steps were inadequately lighted.

Later this pretrial order was amended, and the claim of ice and snow upon the stairs was abandoned. Presumably this was done after defendant furnished plaintiff's counsel with official United States weather records of Green Bay, Wisconsin, covering the period preceding and following the plaintiff's fall. These records, which were introduced into evidence, showed that no precipitation had occurred in Green Bay for a number of days both before and after the accident.

At the trial, plaintiff alleged six violations of the Wisconsin Safe Place Statute by the defendant which caused or contributed to causing the plaintiff to fall, to wit:

1. The exposed stone, behind the iron safety plate, on the second step from the bottom of the Walnut Street entrance was worn down creating a depression of approximately one-half inch.

2. The iron treads covering the steps failed to cover the entire step lengthwise.

3. The handrail curves out toward the bottom of the steps instead of continuing in a straight line direction.

4. The railing was not continuous to the sidewalk level or at least to the first step.

5. There was no center handrail.

6. The lighting was inadequate.

All of these claims were disputed by the defendant, and defendant claims the plaintiff was guilty of causal contributory negligence.

The trial concerned itself only with the question of liability, since the question of damages was severed in the pretrial order. The question then is whether the defendant violated Section 101.06, Wis.Stats., commonly known as the Wisconsin Safe Place Statute, in any of the aforementioned respects and, if it did, was any such violation a cause of plaintiff's fall. The Wisconsin Safe Place Statute provides:

"101.06 *Employer's duty to furnish safe employment and place.* Every employer * * * shall furnish a place of employment which

shall be safe for employes therein and for frequenters thereof and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employes and frequenters. * * * "

■ In line with the Seventh Circuit case of American Exchange Bank of Madison, Wis. v. United States, 257 F.2d 938, 78 A.L.R.2d 879 (7th Cir.1958), the old Post Office Building at Green Bay, Wisconsin, was a place of employment within the meaning of the Wisconsin Safe Place Statute.

■ In determining whether the Safe Place Statute has been violated, Wisconsin law is that where the Industrial Commission has issued a safety order concerning a particular situation, it thereby establishes what is safe, and a jury or court cannot establish any other standard. Candell v. Skaar, 3 Wis.2d 544, 89 N.W.2d 274 (1958).

■ Plaintiff fell on the second step from the bottom of the Walnut Street entrance. He claims that at the spot where he fell the stone behind the iron safety plate was gouged out. His testimony was contrary to the testimony of Postmaster William S. Sinkler, Mynnard Timmerman, Gordon Agamite, Henry Edwards, and Earl Sears. In light of all the testimony relative thereto, the court finds that the plaintiff has not met his burden of proving that the second step was gouged out. The court finds that there was no such worn cavity on the second stair of the Walnut Street entrance at the time of plaintiff's fall.

■ ■ Based on the evidence, it cannot be held that the failure of the safety step to cover the entire stair lengthwise was a violation of the Safe Place Statute. Plaintiff's counsel briefly alluded to Section 51.16(4) (c) of the Industrial Commission's regulations, and defendant's counsel stipulated that said section was applicable. The section provides:

"The edges of all treads and the edges of all stairway landings shall be finished with a non-slippery surface not less than three inches in width."

But the plaintiff testified that the fall was not due to any slippery condition of the stairs. Therefore, assuming, but not deciding, that Section 51.16(4) (c) was violated, such infraction could not have caused the fall since the plaintiff admits that he was on the safety plates at the time he fell and that the stairs were not wet or slippery. The defect, if any, must be the cause of the fall in order to impose liability. Ruplinger v. Theiler, 6 Wis.2d 493, 95 N.W.2d 254 (1959).

■ No showing was made that curved handrails violated any safety order. In any event, such condition was not causal since defendant did not follow the rail or hold the rail at any time while descending the stairs. Further, the Industrial Commission has issued orders which cover the necessity for and the proper location of handrails on exterior stairways. An interpretation of such orders does not lead to the conclusion that curved handrails, such as the ones in question, are either unsafe or prohibited. The only requirement is that such handrails be continuous. Wis.Adm.Code Section Ind 60.20(2).

■ As plaintiff's counsel admitted in final argument, the real issue upon which plaintiff bases his recovery is the failure of the handrail to continue beyond the second step. Section 60.20(2) of the Industrial Commission's orders requires that "railings shall be continuous." The failure of the handrail to extend to the bottom of the stairs was a violation of the order and therefore per se a violation of the Wisconsin Safe Place Statute. Paluch v. Baldwin Plywood & Veneer Co., 1 Wis.2d 427, 85 N.W.2d 373 (1957).

The question then is whether this violation was a cause of the fall. Mr. Bean testified both on the trial and in his

deposition, taken a year before the trial, that he was two feet from the handrail when he started down the stairs. He walked in a straight path parallel with the handrail, but he did not move closer to the handrail when he reached the place where the stairs widened. Therefore, when he reached the second stair he would have been over four and one-half feet from the handrail. Plaintiff testified that when he began to fall forward, he reached with his left hand for support. Even if the handrail had extended to the first step or beyond, he could not possibly have reached the railing if there had been one there.

Plaintiff placed great reliance on Burling v. Schroeder Hotel Co., 235 Wis. 403, 291 N.W. 810 (1940), but in that case there was evidence that plaintiff was within two feet of the center of the stairway, so that if the required center handrail had been there, he would have been able to prevent his fall. Consequently the absence of such a rail was held to be one of the causes of the fall. Here plaintiff was over four feet from the existing handrail, so that even if it had extended to the first step or sidewalk level, the handrail would not have enabled the plaintiff to prevent his fall.

Regarding the necessity of a center handrail, the Industrial Commission has only found it necessary to require such on exterior stairways where they are more than fifty feet wide. Wis. Adm.Code Section Ind 51.16(3) (b). At the level the plaintiff fell, the stairs were no wider than fourteen feet. Under the rule of Candell v. Skaar, supra, the court is in no position to impose its judgment as to what complies with the Safe Place Statute when the Industrial Commission has considered the problem and issued an order covering the situation.

Poor lighting was alleged, but plaintiff conceded that he could see where he was going when he was descending the stairs. Considering the evidence on this allegation, it cannot be said that there was a violation of the Safe Place Statute.

Plaintiff's story as to the cause of his fall was varied so frequently that the court is unable to make a finding as to the precise cause of the fall. It is clear that the failure to extend the railing to the sidewalk level was not a cause of the fall. If the lighting was dim, it was contributory negligence not to use the handrail when descending. No showing was made of any negligent act or omission on the part of the defendant which caused the fall, and failure to follow the handrail was causal negligence on the part of the plaintiff.

While it is believed that the foregoing sets forth the court's findings of fact and conclusions of law in compliance with Rule 52 of the Federal Rules of Civil Procedure, the principal findings of fact and conclusions of law may be summarized as follows:

### FINDINGS OF FACT

1. That the plaintiff, J. Fred Bean, resides in Bayside, in the State and Eastern District of Wisconsin.

2. That on December 2, 1958, the defendant, United States of America, was the lessee of the premises located at 306 East Walnut Street, Green Bay, Wisconsin, which premises were at that time a United States Post Office.

3. That the defendant, United States of America, on December 2, 1958, had exclusive possession and control of said premises, including the Walnut Street entrance and stairway pictured in plaintiff's Exhibit 4 of this record.

4. That the structural condition of the Walnut Street entrance on December 2, 1958, was as shown on plaintiff's Exhibits 4, 5, and 6 with the exception that the treads on the stairs were replaced with new ones identical in size.

5. That on December 2, 1958, at about 7:00 P.M., the plaintiff, J. Fred Bean, entered the Green Bay Post Office via the Walnut Street entrance for the purpose of mailing some letters. He was carrying nothing and used the handrail on his right, or the west handrail, as he ascended the steps.

6. That immediately after mailing the letters, plaintiff left the Post Office Building, again through the Walnut Street entrance, and started to descend the stairs, still carry nothing. He walked straight down the steps, being about two feet east of the west handrail at the top of the steps. He did not at any time make any use of the west handrail.

7. That plaintiff fell from the second step from the bottom; that the cause of his fall is unknown; and that at the place he fell he was approximately four and one-half feet from the west handrail.

8. That there was no snow, ice, water, or other foreign matter on the steps at the time of the fall; that there were either 60 or 75 watt bulbs burning in the light fixtures on either side of the entrance and street lights between 35 and 50 feet from the steps on either side; and that the illumination was sufficient so that plaintiff could see where he was walking.

9. That in April 1958, the metal treads of the Walnut Street entrance were replaced with new mason abrasive iron safety treads with a cross-hatched surface, each tread about ⅜ of an inch thick and 8 inches wide, and that each tread was set flush with the surface of the stair tread, and all low or worn spots in the steps were filled with Basler Bond, a nonshrinkable plastic cement.

10. That there is no evidence that any person had fallen on these steps since 1944 as a result of any depressions or because of the fact that the handrails curved out at the bottom.

11. That the failure to have a handrail on the bottom step constituted a violation of the Wis.Adm.Code Section Ind 60.20(1), and therefore a violation of Section 101.06, Wis.Stats., but that this violation was not a cause of plaintiff's fall.

CONCLUSIONS OF LAW

1. The court has jurisdiction of this matter under Section 1346(b), Title 28, United States Code.

2. That no act or omission of defendant was a cause of plaintiff's fall.

3. That defendant is entitled to judgment dismissing the complaint, together with its taxable costs and disbursements of this action.

The clerk is directed to enter judgment dismissing this action and against plaintiff for defendant's costs and disbursements herein.