PARCHEM and another, Respondents, v. St. CECILIA's CON-
GREGATION, Appellant.

*September 7—October 5, 1965.*

For the appellant there was a brief and oral argument by *Francis R. Bannen* of Wisconsin Dells.

For the respondents there was a brief by *Vaughn S. Conway* and *Kenneth H. Conway, Sr.,* both of Baraboo, and oral argument by *Vaughn S. Conway.*

FAIRCHILD, J.   A general order of the industrial commission, 3 Wis. Adm. Code, sec. Ind 62.05 (3), concededly applicable to defendant church, provides: "Stairways and steps which have more than 3 risers shall have handrails on both sides.  Rails shall be not less than 2 feet 6 inches vertically above nose of treads, or 3 feet above a platform."

Although there appears to be no express requirement that a handrail must extend the full length of a stairway, and to the uppermost step or platform, there was testimony by an inspector employed by the industrial commission that the handrail requirement is so construed, and we consider that a reasonable construction.

No provision applicable to this stairway required any handrails except along the sides. The building code, 3 Wis. Adm. Code, secs. Ind 50.001–59.75, does not apply to this stairway because the church was built, and the stairway put into its present form, before October 9, 1914.

Defendant concedes that the absence of handrails along the sides of the stairway is a violation, but argues that the absence of handrails at the sides did not cause Mrs. Parchem to fall, pointing out that when she fell, she was six or seven feet from the place the south handrail should have been, and farther from the place the north handrail should have been.[1]

In making this argument defendant assumes that Mrs. Parchem would have been using the handrail which she did try to use even if proper handrails had been present at the sides of the steps. If, however, proper handrails had been present along the sides of the stairway, they would have extended throughout the length of the stairway. Mrs. Parchem had not proceeded directly down the stair, but had sought out the existing handrail, probably because of her weight, in order to have its support and protection while descending. The jury could well have inferred that the shortness of the rail was a cause of her fall because she had to step down or lean forward while in the process of reaching for the rail. We think, as did the circuit court, that the jury could also properly infer that if complete railings had been present along the sides of the stairway, Mrs. Parchem's desire for support, as evidenced by her actions, was sufficient so that she would have gone to one side or the other in order to obtain the protection afforded by full-length handrails.

Defendant relies on *Bean v. United States* [2] where a handrail was present, but did not extend to the bottom of the stair-

---

[1] See *Ruplinger v. Theiler* (1959), 6 Wis. (2d) 493, 95 N. W. (2d) 254.

[2] (D. C. Wis. 1963), 219 Fed. Supp. 8.

way. The violation was found not causal. In that case, however, plaintiff was apparently making no effort to use the handrail as he descended the stairway. When he fell, although opposite the place where the rail was missing, he was too far away to have reached it if it had been there.

We consider that the jury's finding that defendant's negligence was causal is supported by this record.

Plaintiffs, on motion to review, argue there is no support for the jury's finding of causal negligence on the part of Mrs. Parchem.

Mrs. Parchem's testimony suggests that she attempted to step down with her right foot when she had not yet grasped the handrail, and that her foot went down between the vertical support of the handrail and the riser just east of it. We think the jury could properly decide that ordinary care required a different approach, probably getting herself fully turned to face the west before she attempted to descend. We conclude the evidence presented a jury question whether Mrs. Parchem was causally negligent.

*By the Court.*—Judgment affirmed. Respondents may tax costs except for printing the two pages of their brief devoted to motion for review.