REWOLINSKI, Appellant, v. HARLEY-DAVIDSON MOTOR COMPANY, Respondent.

*November 1—November 29, 1966.*

For the appellant there were briefs by *Rosenbaum &
Rosenbaum* and *Burton A. Strnad,* all of Milwaukee, and
oral argument by *Mr. Strnad.*

For the respondent there was a brief by *Ames, Riordan, Crivello & Sullivan* of Milwaukee, and oral argument by *John H. Ames.*

GORDON, J. The jury apportioned 30 percent of the negligence to the plaintiff and 70 percent to the defendant, but the trial court ruled that the plaintiff's negligence was equal to that of the defendant as a matter of law. The trial court indicated that the basis of its ruling was the fact that the plaintiff had violated the rules of his employer and had disobeyed orders when he crawled through the window, thereby exposing himself to danger.

A court undoubtedly has authority to overturn a jury's apportionment of negligence in safe-place cases as well as in ordinary negligence matters. *Klein v. Montgomery Ward & Co.* (1953), 263 Wis. 317, 57 N. W. (2d) 188. Although there is judicial reluctance to change the jury's apportionment and to find a plaintiff at least equally negligent, the court will do so where "the evidence of the plaintiff's negligence is so clear and the quantum so great." *Schwarz v. Winter* (1956), 272 Wis. 303, 309, 75 N. W. (2d) 447.

Mr. Rewolinski was negligent in the manner in which he entered the inner room, and although the jury attributed only 30 percent of the total negligence to him, the trial court was impressed with the fact that he had unnecessarily exposed himself to danger, and the majority of the members of this court agree with the trial court's interpretation.

As in *Klein v. Montgomery Ward & Co.*, cited above, the plaintiff had other alternative courses of action which were open to him and which were more reasonable and more safe. In the *Klein Case,* the plaintiff, who was shopping in the defendant's store, walked over a length of wire fencing which a salesman had unrolled on the floor. Although the plaintiff easily could have walked around it, he chose to walk over the wire, tripped on it and fell.

This court held as a matter of law that the plaintiff's negligence was equal to that of the defendant. Similarly, in the case at bar, the majority of the court is convinced that Mr. Rewolinski should have telephoned the plant engineer (the telephone being readily accessible for that purpose), or he should have desisted from entering the inner room. The latter course would have automatically brought about an inquiry by Merchants Police, Inc., a few minutes later. In *Palmer v. Henry Disston & Sons, Inc.* (1952), 261 Wis. 368, 373, 52 N. W. (2d) 919, the court said:

"Plaintiff gratuitously entered into his effort under circumstances which placed upon himself the duty to exercise reasonable care, competence, and skill . . . . It became his problem."

The majority of the court is also of the opinion that the defective lock was not a cause of the plaintiff's injury. Under this view, the defendant's failure to maintain the lock on the door in proper repair was not a substantial factor in causing Mr. Rewolinski's fall from the desk in the inner room. See *Ruplinger v. Theiler* (1959), 6 Wis. (2d) 493, 95 N. W. (2d) 254; *Sweitzer v. Fox* (1937), 226 Wis. 26, 275 N. W. 546.

Two members of the court, Mr. Justice WILKIE and the writer of this opinion, would reverse the judgment of the court below. Such two justices take the view that the jury was entitled to believe that the defendant had notice of the defective lock for a period of about two months. Whether the company was aware that Mr. Rewolinski, as well as other watchmen, had entered the inner room through the window on numerous previous occasions presented a jury question. The apportionment of negligence was within the special province of the jury. *Bellart v. Martell* (1965), 28 Wis. (2d) 686, 137 N. W. (2d) 729, 139 N. W. (2d) 473; *Davis v. Skille* (1961), 12 Wis. (2d) 482, 107 N. W. (2d) 458; *Burmek v. Miller Brewing Co.* (1961), 12 Wis. (2d) 405, 107 N. W. (2d)

583. The same two justices are also of the opinion that there was a sufficiently close relationship between the defective lock and the plaintiff's fall so that the jury was entitled to answer the causation question in the affirmative. Cf. *Weber v. Walters* (1954), 268 Wis. 251, 67 N. W. (2d) 395.

*By the Court.*—Judgment affirmed.