WILLIAMS, Special Administrator, and another, Respondents, v. MILWAUKEE & SUBURBAN TRANSPORT CORPORATION, Appellant.

*November 27—December 29, 1967.*

For the appellant there were briefs by *Kivett & Kasdorf*, attorneys, and *Alan M. Clack* of counsel, and oral argument by *Nonald J. Lewis*, all of Milwaukee.

For the respondents there was a brief by *Godfrey, Trump & Davidson*, attorneys, and *Kneeland A. Godfrey* and *Thomas W. Godfrey* of counsel, all of Milwaukee, and oral argument by *Kneeland A. Godfrey*.

HEFFERNAN, J.

### Does the evidence support the finding of defendant's negligence

The defendant's argument basically is that there could be no negligence when the jury found that the passengers had been discharged in a place of safety. It contends that when that duty had been discharged, it was absolved from further responsibility and that, as a matter of law,

the bus operator could not be negligent in thereafter moving the bus forward. Defendant acknowledges that the law applicable to streetcars requires not only that the passenger be discharged in a place of safety, but that he also be given the opportunity to get beyond the zone of danger that might subsequently arise by reason of the movement of the streetcar. While the cases it cites may be indicative of the unusual hazard presented by the overhang of a turning streetcar, we cannot conclude that the rule should be limited to that particular factual circumstance.

While the case of *O'Connor v. Larrabee* (1954), 267 Wis. 185, 64 N. W. 2d 815, is cited by the defendant as authority for the proposition that all responsibility of the carrier ceases when a bus passenger is discharged in a place of safety, it is clear that in that case the injury occurred at a spot other than that at which the passenger was discharged. Therein the contention was made that, because the plaintiff had received a transfer, the duty of a common carrier to a passenger remained in effect after the passenger left the safe point at which she had been allowed to alight. The court clearly distinguished the facts therein from a situation wherein the plaintiff might not have a reasonable opportunity to safely leave the place of discharge. *O'Connor* by its language made it clear that a bus company would not in all cases be free of the possibility of any liability when it discharged its passengers.

Herein, it is clear that the place of alighting was safe only to the extent that it was a safe place to step from the bus, but it was a place of hazard and peril when the driver prematurely pulled away from the curb.

We conclude that a driver of a motor bus not only has a duty to provide a place of safety to alight, but also to refrain from any conduct in the operation of his vehicle which would convert this place of safety into one of potential hazard. In the instant case, while by stipulation it was agreed that no presumption would arise from

the failure of the absent driver to testify, yet the jury could assume that he knew or should have known of the icy conditions of the street, the fact that the rear door was not in alignment with the path through the snow, and that the bus was close to the curb so that a woman encumbered with groceries and a small child could not move with freedom or without brushing or touching the bus. A driver, charged as he must be with this knowledge, who starts the bus in a forward motion with all these circumstances present could well have been held negligent by the jury. Such negligence was found by the jury, and the evidence supports the finding. Where, as here, it was foreseeable that the motion of the bus would subject a discharged passenger to peril, it was negligence to proceed until such time that the passengers had a reasonable opportunity to reach a place of safety.

*Was the negligence of the driver in moving the bus the cause of the death of Toni Rae and of the injuries of Gale Egly*

The jury was properly instructed that the test of whether a negligent act is the cause of an injury is whether it was a substantial factor in producing it. *Rewolinski v. Harley-Davidson Motor Co.* (1966), 32 Wis. 2d 680, 146 N. W. 2d 485. The jury was properly instructed by the trial judge in this regard. A careful perusal of the record leaves no doubt that the movement of the bus while Gale Egly and her infant daughter were in the zone of potential danger was a substantial factor in precipitating the injuries of the mother and the death of the daughter.

It was established by the evidence that the pair were discharged in the constricted area next to the snowbank. While the jury found that it was not negligence to allow them to get off the bus at that point, it concluded that it was negligence for the driver to move forward when he did. The evidence indicates that as Gale Egly bent down

to pick up her daughter, she heard the sound of the air brakes releasing. She then turned to the front of the bus to voice a warning. As she did so, the bus started moving. It brushed against her shoulder, causing her and the child to fall. The result was the death of the child and the injury to the mother. The defendant's contention that the sole cause of the accident was the mother's abrupt turning overlooks the undisputed fact that this conduct was occasioned by the noises that heralded the forward movement of the bus. While it is true that the negligence of Gale Egly contributed to the child's death (and the jury so found), this obviously does not negate the fact that the negligence of the driver was a substantial factor in causing the injury.

*Was the jury's apportionment of negligence sustained by the evidence*

Defendant contends that the negligence of Gale Egly, as a matter of law, was at least equal to that of defendant. Generally, this court will sustain a finding of the jury as to apportionment if the findings are supported by any credible evidence under any reasonable view. *Gustin v. Johannes* (1967), 36 Wis. 2d 195, 203, 204, 153 N. W. 2d 70; *Barber v. Oshkosh* (1967), 35 Wis. 2d 751, 754, 151 N. W. 2d 739. The court considers apportionment questions under sec. 895.045, Stats., to be peculiarly within the province of the jury, and only in an unusual case will the court upset the jury's apportionment. *Cirillo v. Milwaukee* (1967), 34 Wis. 2d 705, 150 N. W. 2d 460; *Rewolinski, supra.* This is particularly true where the negligence of each party is not of the same kind and character. *Mix v. Farmers Mut. Automobile Ins. Co.* (1959), 6 Wis. 2d 38, 93 N. W. 2d 869.

The jury found defendant causally negligent with respect to starting the bus prematurely. The jury also found plaintiff causally negligent with respect to her

control over her daughter. It apportioned the negligence at 65 percent to defendant and 35 percent to plaintiff.

As we understand the appellant's argument, it does not contest the comparison of negligence insofar as it affects the recovery for the death of the child. It does, however, argue that the negligence of Gale Egly that caused her own injuries was greater percentagewise than the negligence of the defendant that contributed to those injuries. The bus company argues that as a matter of law Gale Egly's negligence exceeded that of the driver in at least three respects.

The first of these contentions is that, since the jury, in effect, found that the area where the child was killed was a zone of danger, *ergo,* Gale Egly was negligent in regard to her own safety for alighting at that point. This, of course, ignores the jury's finding that it was safe to alight at that point and, hence, neither negligence for the passenger to alight nor for the bus company to discharge its passenger there. The contention also ignores the obvious facts of the case—that the area of alighting, although safe when the bus was stopped, became unsafe only after the negligent conduct of starting up the bus and moving it forward. An analogous situation can be seen daily in the operation of our school busses. The bus stops on a highway to discharge its load of children. They pass in front of the bus assured, so long as the bus is at a standstill, that they are in a zone of safety. Should the bus move forward while the children are directly in front of it, that area would become a zone of hazard as the result of the driver's conduct. It could hardly be argued that, because the children were there, their negligence must at least equal that of the driver. This, however, appears to be the position of the appellant. It lacks merit.

Appellant also argues that the injury to Gale Egly was the result of the negligent manner in which she proceeded to leave the place where she alighted—that, "Instead

of directing her daughter to proceed, or instead of stepping to the side, she bent forward to pick her daughter up."

This argument, if based upon the evidence, might be persuasive. Unfortunately from the appellant's point of view, the record is clear that Gale Egly directed her daughter to proceed, and only after her directions received no response did she bend over to pick up the child.

The appellant urges that Gale Egly's negligence in failing to control her child was just as much a cause of her own injuries as it was of the death of the child and her recovery should be reduced by 35 percent in the event this court fails to determine that plaintiff's negligence was at least equal to that of the bus driver; or stated otherwise, had Gale Egly kept her daughter under control, not only the child's death, but her own injuries, might have been avoided—or at least her negligence in that regard should have been apportioned to reduce or eliminate the plaintiff's recovery.

The defect of this argument, from the appellant's point of view, is that it is posed here for the first time. A review of the special verdict reveals no questions wherein the jury, in reference to Gale Egly's own injuries, was given an opportunity to compare the negligence of Gale Egly in controlling her daughter to that of the bus company. No question inquired whether such negligence of Gale Egly contributed to or caused her injuries. The failure to request inclusion of a question in a special verdict precludes a party from raising for the first time on appeal any error in respect thereto. *Van Wie v. Hill* (1961), 15 Wis. 2d 98, 112 N. W. 2d 168; *Scalzo v. Marsh* (1961), 13 Wis. 2d 126, 108 N. W. 2d 163.

We conclude that the apportionment of negligence as found by the jury is not so unreasonable as to be set aside upon this appeal. The evidence set forth elsewhere herein, reasonably considered by the jury, could well

have supported the percentage of negligence attributed to each of the parties. We conclude that the allocation as determined by the jury was proper in view of the facts before it.

Having reached the above conclusion in respect to each of the defendant's assignments of error, we conclude that the jury's verdict must be sustained.

*By the Court.*—Judgment affirmed.