GOSSEN, by Guardian *ad litem,* and another, Appellants, v. MILWAUKEE & SUBURBAN TRANSPORT CORPORATION and others, Respondents.

*No. 377. Submitted May 3, 1973.—Decided June 5, 1973.*
(Also reported in 207 N. W. 2d 670.)

For the appellants the cause was submitted on the brief of *Charles M. Hanratty* and *Robert J. Lowe,* both of Milwaukee.

For the respondent Milwaukee & Suburban Transport Corporation the cause was submitted on the brief of *Kivett & Kasdorf*, attorneys, and *Kenton E. Kilmer* of counsel, all of Milwaukee.

PER CURIAM. The trial court sustained the demurrer to the plaintiff's amended complaint on the basis that the bus company owed no duty to the plaintiff. Here the plaintiff alighted safely from the bus, in a place of safety, walked around the rear of the bus, and was struck by an oncoming vehicle proceeding in the opposite direction. We affirm.

The duty owed an alighting passenger by the bus company is twofold: (1) To discharge the passenger in a place of safety, and (2) to permit the alighting passenger a reasonable opportunity to get beyond any zone of danger which might subsequently arise by reason of the movement of the bus. In other words, ". . . a driver of a motor bus not only has a duty to provide a place of safety to alight, but also to refrain from any conduct in the operation of his vehicle which would convert this place of safety into one of potential hazard." *Williams v. Milwaukee & Suburban Transport Corp.* (1967), 37 Wis. 2d 402, 406, 155 N. W. 2d 100. *See also: Furrer v. Milwaukee & Suburban Transport Corp.* (1968), 40 Wis. 2d 560, 162 N. W. 2d 537.

Here the plaintiff claims that although she was discharged at a place of safety, the subsequent movement of the bus transformed this into a place of peril. The factual allegations in the complaint simply do not support this claim. Nowhere is it alleged that plaintiff was struck or injured by the bus as it pulled away after discharging her. Nor is it alleged that the plaintiff's original place of alighting itself became a place of peril upon the movement of the bus. The movement of the bus did not convert her original safe place of alighting into one of hazard, but rather, the independent act of the plaintiff in walking across the street into approach-

ing traffic created that hazardous situation at that location.

*O'Connor v. Larrabee* (1954), 267 Wis. 185, 64 N. W. 2d 815, is a case analogous to the instant situation because the plaintiff there, after having alighted from a bus, was struck by an automobile while attempting to cross the street to catch another bus. The court held there was no liability on the part of the bus company and cited the general rule that a person ceases to be a streetcar passenger as soon as he steps from the car into the public street and has a reasonable opportunity to leave the place at which he alights.

We conclude the duty the bus company owed this plaintiff was to discharge her in a place of safety and to give her a reasonable opportunity to remove herself from any zone of danger which might be created by the movement of the bus itself. From the allegations in the complaint, it appears the bus company fulfilled this duty.

Additionally, we conclude under the facts as alleged in the complaint, the bus company had no duty to warn the plaintiff of the oncoming car since it does not appear the approaching vehicle was observed or observable by the driver prior to the plaintiff's alighting from the bus. *See Downs v. Northern States Power Co.* (1930), 200 Wis. 401, 228 N. W. 471.

This court has said:

"There is ordinarily no negligence as to the alighting passenger because there is no duty to warn him or to protect him against the perils necessarily involved in leaving a street car. The absence of a duty eliminates all questions of negligence because it removes the foundation upon which negligence rests."

*Moen v. Madison Railways Co.* (1932), 208 Wis. 381, 385, 243 N. W. 503.

Therefore, the trial court properly sustained the demurrer to the plaintiff's amended complaint.

The order is affirmed.