WRIGHT, Appellant, vs. BUCKLEY and others, Respondents.

*February 11—May 12, 1931.*

For the appellant there was a brief by *Lehner & Lehner* of Oconto Falls, and oral argument by *Philip Lehner* of Princeton and *Adolph P. Lehner* of Oconto Falls.

For the respondents there was a brief by *Duffy, Duffy & Hanson* of Fond du Lac, and oral argument by *F. Ryan Duffy*.

The following opinion was filed March 10, 1931:

OWEN, J. On the 29th day of May, 1929, the plaintiff was driving her Ford automobile on highway 55 in Fond du Lac county. A Packard car owned by the defendant James Buckley and driven by his daughter, the defendant Jane Buckley, overtook and passed the Ford car. While passing plaintiff's car the Buckley car was turned to the left off from the concrete. The defendant James Buckley, who was riding in the front seat with his daughter, evidently being apprehensive concerning the control which the driver had over the car, placed his hand upon the steering wheel, whereupon the car turned sharply to the right. The plaintiff contends that it collided with her car and caused it to be tipped over. Whether the Buckley car came in contact with the plaintiff's car was an issue that was sharply litigated upon the trial, the jury finding that there was no contact between the two cars. The jury found, however, that both the defendants James Buckley and Jane Buckley were negligent in the operation of their car in respect of control at and just prior to the time of the accident. That was the only negligence found on the part of the defendants. The jury further found that such negligence was the proximate cause of the accident and of plaintiff's injuries. The findings of the jury in these respects were set aside by the trial court and judgment was entered in favor of the defendants.

It appears without dispute that after the defendants' car passed the plaintiff's car the plaintiff evidently lost control of her car. Disinterested witnesses testified that it weaved from side to side, finally tipping over, after which it was lying crosswise of the road. The undisputed facts are that defendants' car passed the plaintiff's car; that while passing

the plaintiff's car it turned so far to the left that it ran off from the concrete; that James Buckley laid his hands upon the steering wheel; that thereupon it turned back on the concrete, whereupon the plaintiff lost control of her car, and it tipped over. Even though there was no collision between the two cars, that defendants' car came close to plaintiff's car is indicated by the testimony of James Buckley himself. After the accident the defendants' car was stopped, and the defendant James Buckley went back to render assistance to the plaintiff. Upon the trial he was asked whether before he talked with Mrs. Wright, when she claimed a collision occurred between the two cars, he thought his car had struck her car. He answered, "Why, I may have thought that we struck it, yes." It thus appears that there was some lack of control when the defendants' car attempted to pass the plaintiff's car and, whether defendants' car actually came into contact with the plaintiff's car, it came so close that the defendant James Buckley thought he had struck it, and that as a result of the situation plaintiff so far lost control of her car that it tipped over.

It is argued that because the jury found that there was no actual contact between the two cars there is no liability on the part of the defendants. But if the lack of control which the defendants had over their car gave rise to a dangerous situation, in an attempt to avoid the consequences of which the plaintiff lost control of her car, the injuries may be the proximate result of defendants' negligence as certainly as though there had been an actual contact. Actual collision was not necessary to give rise to actionable negligence on the part of the defendants. It is sufficient if their negligence resulted in a situation the proximate result of which was plaintiff's injuries. The jury found that defendants' car was not under proper control, and that such lack of control was the proximate cause of plaintiff's injuries. The evidence sustains this finding.

In setting aside this finding of the jury the trial court expressed the view that the plaintiff was nervous and excitable and that her nervousness was the cause of the accident. It may be that she did not meet the emergency with the same degree of equanimity that would have been exercised by a less nervous person. However, she did not create the emergency. She was evidently a competent driver under normal circumstances. She was entitled to a continuance of normal conditions. If by the negligence of the defendants an abnormal situation was created with which her temper and experience was unable to cope, the jury could determine that such negligence was the proximate cause of the accident. Judgment should have been rendered in favor of the plaintiff on the verdict.

*By the Court.*—Judgment reversed, and cause remanded with instructions to render judgment in favor of the plaintiff and against the defendants on the verdict as returned by the jury.

The following opinion was filed May 12, 1931:

PER CURIAM *(upon motion for rehearing).* It is urged that one of the grounds upon which the respondents based their motion for a new trial was that the damages are excessive. This matter was not passed upon by the trial court in view of its disposition of the case. Whether they are excessive was not discussed by counsel nor considered by this court. It seems to have been assumed that if the judgment was reversed a new trial would be ordered. Upon the motion for rehearing we have given attention to the amount of damages awarded by the jury. We are satisfied that the damages awarded are very high, if not excessive. We think there should be a new trial upon this question. The motion for rehearing is denied, but the mandate is amended to read:

Judgment reversed, and cause remanded with directions to grant a new trial upon the question of damages only.