GRINLEY and wife, Appellants, vs. TOWN OF EAU GALLE,
Respondent.*

*November 7—December 4, 1956.*

* Motion for rehearing dismissed, without costs, on February 5,
1957.

For the appellants there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *John Doar*.

For the respondent there was a brief by *Lawrence P. Gherty,* attorney, and *Robert A. Forsythe* of counsel, both of Hudson, and oral argument by *Mr. Gherty*.

WINGERT, J. Appellants' first contention is that the court did not instruct the jury adequately, and particularly, that the court erred in failing to charge (1) that under sec. 80.09, Stats., an oral agreement fixing or waiving damages for the construction of a highway over plaintiffs' land is not binding where not reduced to writing, signed by the landowners and filed in the town clerk's office, and (2) that the jury might take the value of the materials removed from the land into consideration in determining the damages.

The record does not disclose that such instructions were requested by the plaintiffs. Therefore, error cannot now be predicated on their omission. Where instructions are incomplete, and do not cover a point that ought to be covered, this court will not reverse unless a timely request for appropriate instructions has been made to the trial court. *Madison Trust Co. v. Helleckson,* 216 Wis. 443, 456, 257 N. W. 691; *Jorgenson v. Hillestad,* 250 Wis. 592, 599, 27 N. W. (2d) 709; *Throm v. Koepke Sand & Gravel Co.* 260 Wis. 479, 483, 51 N. W. (2d) 49.

Appellants argue that a landowner can release his claim for damages resulting from road construction on his land only by an instrument in writing, and cite sec. 80.09, Stats., and *McKee v. Hull,* 69 Wis. 657, 35 N. W. 49. Since this proposition was not presented to the trial court either by request for an appropriate instruction to the jury or by motion after verdict, it is not properly before us on appeal. The same is true of appellants' further contention that, in view of sec. 240.06, a municipality cannot acquire land for road purposes without an instrument in writing or by operation of law.

Next, it is contended that since the town's answer admitted the taking of approximately three acres of plaintiffs' farm and alleged that the town was ready and willing to pay fair compensation for such acreage, the court erred in the following portion of its instructions to the jury:

"The town board of the town of Eau Galle claims that they did all the work with the agreement of the Grinleys and that they agreed to waive compensation for the land and material taken because of the benefit they derived in the change in the course of the river."

Here, too, we think the objection has been lost by failure to ask the court for a proper instruction with respect to the land, or to raise the question by appropriate motion after verdict. *Mossak v. Pfost,* 258 Wis. 73, 76, 44 N. W. (2d) 922; *Zombkowski v. Wisconsin River Power Co.* 267 Wis. 77, 81, 64 N. W. (2d) 236.

The contention that there was no evidence on which the jury could find that appellants agreed to waive compensation for the acreage value of the land taken by the town is also not open on appeal, in the absence of an appropriate motion after verdict. *Strnad v. Co-operative Insurance Mutual,* 256 Wis. 261, 270, 40 N. W. (2d) 552.

We are, nevertheless, of opinion that in view of the town's explicit declaration, in its answer, of willingness to pay fair compensation for the acreage taken from the plaintiffs for the road, which seems to have been overlooked in submitting the case to the jury, the real controversy between the parties with respect to the land alone has not been fully tried. We therefore remand the case to the circuit court under the authority of sec. 251.09, Stats., for a new trial on the sole question of fair compensation for the land taken, plaintiffs to have judgment for the amount so determined, and all other claims asserted in the complaint to be dismissed.

*By the Court.*—Judgment reversed, and cause remanded with directions for further proceedings in accordance with this opinion.