VAN WIE, Appellant, v. HILL and another, Respondents.

*November 1—November 28, 1961.*

---

[5] *Brausen v. Daley* (1960), 11 Wis. (2d) 160, 105 N. W. (2d) 294; *Branch v. Oconto County* (1961), 13 Wis. (2d) 595, 109 N. W. (2d) 105.

[6] Sec. 274.25, Stats.

102

For the appellant there were briefs by *Phillips & Richards* of Kenosha, and oral argument by *Charles J. Richards* and *David L. Phillips*.

For the respondents there was a brief by *Whaley & Whaley* of Racine, and *Leo E. Vaudreuil* of Kenosha, and oral argument by *Mr. Vilas H. Whaley, Mr. John W. Whaley,* and *Mr. Vaudreuil*.

MARTIN, C. J. Appellant contends that the evidence does not support the finding as to his negligent management and control. The evidence indicates that the impact occurred on the west shoulder of Wood road. Respondent's car was stopped and completely off the surface of Wood road, except for the right rear wheel. The impact occurred to the right front of respondent's car and to the front and right side of appellant's truck. Appellant apparently intended to turn left onto the west roadway of Wood road, and to proceed south to the city of Kenosha. From this

evidence the jury could reasonably have inferred that appellant failed to properly manage and control his truck so as to keep on the road surface while negotiating his left turn. If appellant could have kept on the road surface, he probably could have avoided the accident.

Also, there was testimony that appellant's truck lurched out into the intersection. An automobile, its front wheels suspended, was being towed by appellant's truck. Photographs in evidence show damage to the rear of the truck, and from this it could reasonably be inferred that when appellant attempted to stop before entering the intersection, the inertia of the car he was towing propelled him forward. Thus, the jury could reasonably have concluded that appellant, considering the fact that he was towing a heavy, free-wheeling car, failed to exercise the requisite degree of care in operating his truck with respect to speed and braking.

Appellant and respondent approached the intersection at approximately the same time. By virtue of sec. 346.18 (1), Stats., appellant, being the vehicle operator on the right, had the right of way. However, the last sentence of this statute provides:

"The operator of any vehicle driving at an unlawful speed forfeits any right of way which he would otherwise have under this subsection."

The jury found appellant negligent with respect to speed —in effect, finding that appellant forfeited his right of way under sec. 346.18 (1), Stats. Appellant contends that this finding is not supported by the evidence. Photographs in evidence indicate that both vehicles were extensively damaged. Appellant was thrown from the truck and sustained very severe injuries. Respondent's car was stationary at the moment of impact. Appellant's truck, and the car he was towing, supplied all the moving force during the impact. From this evidence alone the jury could have reasonably

inferred that appellant had been traveling at an excessive rate of speed. *Mackowski v. Milwaukee Automobile Mut. Ins. Co.* (1957), 275 Wis. 545, 82 N. W. (2d) 906.

As recited above, the witness Durrah testified that he estimated appellant's speed to be 55 miles per hour as the truck approached the intersection. The trial court instructed the jury that the speed limit on Birch road was 55 miles per hour, but that sec. 346.57 (3), Stats., requires motor-vehicle operators to reduce speed at an intersection. The jury could have concluded that appellant failed to approach the intersection at an appropriately reduced speed. The trial court did not instruct the jury as to the effect of the yellow caution light or the 20-mile per hour speed-limit sign located on Birch road east of the intersection. This omission was favorable to appellant. Thus, there is no question on this appeal of the effect that light and sign had with respect to appellant's duty as to speed.

' Appellant contends that Durrah's testimony as to appellant's speed is incredible because he testified that appellant did not stop when he got to the intersection. He argues that considering the speeds of the parties as estimated by Durrah and the estimated distances of both parties from the intersection, the appellant would have been past the point of impact by the time respondent arrived. However, Durrah was not positive that appellant did not stop. Respondent testified that appellant did attempt to stop. The jury could have believed respondent's testimony on this point. Thus, the extra seconds could be accounted for and Durrah's testimony would be plausible.

It is further argued that since the jury found appellant's speed not causal, it must be held that he had the right of way. We cannot agree. The jury did not answer the question on Hill's failure to yield the right of way because it was instructed not to do so if it had found Van Wie negli-

gent as to speed. This method of submitting the question has been approved by this court. *Burkhalter v. Hartford Accident & Indemnity Ins. Co.* (1955), 268 Wis. 385, 388, 68 N. W. (2d) 2, 68 N. W. (2d) 732. This court has never held that negligent speed must be found causal in order to deprive a driver of his statutory right of way.

Appellant further argues that the apportionment of causal negligence by the jury is not supported by the evidence. The jury attributed 51 per cent causal negligence to appellant and 49 per cent to respondent. As stated previously, there is credible evidence to support the jury's finding of causal negligence on the part of appellant. It is not an unreasonable conclusion that appellant was more negligent than respondent even though respondent was found causally negligent in two respects and appellant in only one. The jury could have concluded that if appellant had properly managed and controlled his truck he could have avoided the accident. This court has stated:

"The comparison of negligence is determined not by the kind or character or the number of respects of causal negligence but upon the degree of the contribution to the total of such negligence to the occurrence of the accident attributable to the persons involved." *Grana v. Summerford* (1961), 12 Wis. (2d) 517, 521, 107 N. W. (2d) 463. See also *Evjen v. Packer City Transit Line* (1960), 9 Wis. (2d) 153, 100 N. W. (2d) 580.

The comparison here was for the jury and there is credible evidence to support its finding. The other questions raised by appellant with respect to the comparison question are of no merit.

Appellant argues that the trial court committed several errors with respect to submission of issues and instructions to the jury. The record does not disclose any requests made by appellant's counsel either for questions to be submitted

in the special verdict or for the instructions he now maintains should have been given. Thus, appellant is now precluded from raising these questions. *Grinley v. Eau Galle* (1956), 274 Wis. 177, 79 N. W. (2d) 797.

We see no reason to grant appellant's request for a new trial in the interests of justice under sec. 251.09, Stats. There is nothing in the record to indicate a probable miscarriage of justice. Appellant contends that a new trial is necessary under this section since the trial court did not instruct the jury with respect to a presumption of due care on the part of Van Wie because of his retrograde amnesia. But there was credible evidence to rebut this presumption.

The case was fully tried, the issues involved were for the jury, and there is credible evidence to support its findings.

*By the Court.*—Judgment affirmed.