ZEITLOW, Respondent, v. WESTERN CASUALTY & SURETY COMPANY and another, Appellants.

*May 3—June 8, 1962.*

---

For the appellants there was a brief by *Chambers, Nash & Pierce* of Wisconsin Rapids, and oral argument by *Lloyd L. Chambers*.

For the respondent there was a brief by *E. W. Rohan* of Kaukauna, and *Dudley O. Emmert* of Manitowoc, and oral argument by *Mr. Emmert*.

BROWN, C. J. There is evidence which the jury might believe that Zeitlow's car was in sight of the driver of the Schneider car when Zeitlow was about 400 feet from Schneider; that Zeitlow's speed was 45 to 50 miles per hour; that Mrs. Schneider did not have her directional signals on to indicate her intent to make a left turn; and that she did not commence her left turn until Zeitlow was only 32 to 45 feet away from her. Mrs. Schneider did not see Zeitlow until he had passed the intersection of her driveway with the highway.

Appellants' major contention on this appeal is that the trial court "erred grievously" in failing to hold, as a matter of

law, that there was no causal negligence on their part. Appellants base this contention on two points:

(1) There was no collision between the two cars.

(2) Respondent Zeitlow's speed was excessive as a matter of law.

Appellants argue that because there was no contact between the vehicles all left-turn cases in Wisconsin are distinguishable and no causal negligence can attach to her. Appellants also emphasize the fact that the actual mishap occurred 240 feet away from the Schneider automobile. No cases are cited to support this position.

However, the distance away and the absence of actual contact does not necessarily relieve a party of liability. *Wright v. Buckley* (1931), 204 Wis. 520, 522, 235 N. W. 417, 236 N. W. 378, stated:

"Actual collision was not necessary to give rise to actionable negligence on the part of the defendants. It is sufficient if their negligence resulted in a situation the proximate result of which was plaintiff's injuries."

See also *Nickel v. Voelker* (1961), 12 Wis. (2d) 478, 107 N. W. (2d) 501.

The facts already stated are sufficient to impute causal negligence to Mrs. Schneider and to sustain the jury's finding that she was guilty of it.

The second argument is that since Zeitlow's speed was "excessive as a matter of law," appellants are not causally negligent as a matter of law. Conceding that Zeitlow was negligent as to speed (he was found 20 percent causally negligent on the simplified verdict by the jury), it does not follow that appellants are thus relieved of all causal negligence. Sec. 346.34 (1), Stats. 1957, states:

"No person shall . . . turn a vehicle to enter a private road or driveway . . . unless and until such movement can be made with reasonable safety. . . ."

Therefore the jury could have, and obviously did, believe that Mrs. Schneider did not execute her turn with "reasonable safety." Both parties could be, and the jury found both were, guilty of causal negligence. In attributing 80 percent of the causal negligence to appellants, the jury in effect said that Mrs. Schneider's violation of sec. 346.34 (1), Stats., was the major cause of the ensuing collision. This comparison of negligence is peculiarly for the jury. *Niedbalski v. Cuchna* (1961), 13 Wis. (2d) 308, 318, 108 N. W. (2d) 576.

There is ample credible evidence to support the jury's special verdict.

Appellants submit that the trial court erred in not finding Zeitlow negligent as a matter of law instead of submitting that question to the jury. We do not agree with appellants that error was thus committed but, if there was, the error would be harmless, for the jury answered the question as appellants wished the court to answer it. And if the court had answered as appellants requested, the jury would still have to make the comparison of causal negligence between the parties.

Appellants' final argument concerns the *voir dire*. The trial judge ruled that appellants could not question the jurors whether any member of the panel is an officer, policyholder, agent, or employee of Farmers Mutual Insurance Company. Farmers Mutual had a property-damage subrogation claim in the controversy which was assigned to Zeitlow. Appellants concede Farmers Mutual was not a party to the lawsuit, but contend it was "interested" in the outcome. Therefore appellants contend that in not permitting them to ask these questions on *voir dire,* prejudicial error was committed.

The amount of property damage here ($1,668.29) was not submitted to the jury, but answered by the court. It is stipulated that Farmers Mutual will receive $1,583.29 of this sum. Farmers Mutual has no other connection with the case.

The trial judge permitted appellants to ask whether any potential juror was engaged in the insurance business as insurance agent or adjuster, or similar general questions and if so for what company. We conclude that the court's denial of permission to question a juror further on a possible connection with Farmers Mutual is not error in the absence of a showing that counsel has good reason to suspect that the prospective juror does have such a connection and the questions are asked in good faith. A suspicion that one or more members of the jury panel might be insured by a particular insurance company not a party to the action, or a shareholder of such company is an insufficient basis for asking jurors in the *voir dire* examination any questions pertaining to their interest in this company. *Filipiak v. Plombon* (1962), 15 Wis. (2d) 484, 113 N. W. (2d) 365.

*By the Court.*—Judgment affirmed.