WITHERS, Plaintiff and Appellant, v. TUCKER and others, Defendants: ELECTRONIC EXPEDITORS, INC., and another, Defendants and Respondents.*

*June 2—June 25, 1965.*

* Motion for rehearing denied, without costs, on September 7, 1965.

For the appellant the cause was submitted on the brief of *Leonard V. Brady,* attorney, and *H. R. George* of counsel, both of Milwaukee.

For the respondents there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Kurt H. Frauen* and *Thomas N. Klug* of counsel, all of Milwaukee, and oral argument by *Mr. Frauen.*

CURRIE, C. J.   Appellant-plaintiff's brief attempts to raise two issues:

(1) Whether the trial court erred in not holding as a matter of law that Tucker was acting within the scope of his employment at the time the accident occurred.

(2) Whether the trial court erred in its instructions to the jury.

In addition to the points raised by plaintiff, the respondents-defendants have moved that double costs be imposed against plaintiff for alleged flagrant rule violations.

*Whether Plaintiff Was Within Scope of His Employment.*

Tucker was employed by Electronic as an outside salesman to call on retail stores in the city of Milwaukee. He would usually commence work between 8 and 8:30 a. m. by either reporting at Electronic's place of business or making his first call on a retailer. His workday ended at about 5 p. m. He drove his own automobile and received no reimbursement for expenses in operating it. However, there was installed in the car a two-way radio owned by Electronic for demonstration purposes. Tucker's compensation consisted of a weekly drawing advance of $100 to be credited against commissions.

On the day of the accident Electronic held a "grand opening" of its industrial department at its place of business and its retail salesmen, including Tucker, were required to be there to assist with it. Silverman, president of Electronic, testified that during the afternoon Tucker stated he was not feeling well and was going home. This is not disputed by Tucker. Tucker left and shortly thereafter the accident occurred. Silverman further testified that he went to the scene of the accident, that Tucker told him there that he had not been feeling well and was on his way home when the accident occurred and that Tucker made no statement then that he intended to deliver any merchandise that afternoon for Electronic.

Tucker testified that when he left Electronic that afternoon he took with him some needles to deliver to one customer and some tubes to deliver to another and that he was on the way to make these deliveries when the accident occurred. Electronic introduced into evidence its records with respect to these two customers, which records disclosed no transactions with them on the day of the accident and no withdrawal of merchandise from stock by Tucker to make such claimed deliveries.

Thus the evidence was in dispute with respect to the purpose of the trip Tucker was making at the time the accident happened. Under one view of the evidence the sole objective of the trip was to return home because he was not feeling well. Under the other version Tucker was on the way to make deliveries of merchandise for his employer. The jury by its answer "No" to the question of the verdict accepted the first-stated version, and there is ample evidence to sustain its finding. Therefore, there is no merit to appellant's contention that Tucker at the time of the accident was acting within the scope of his employment as a matter of law.

### Instructions to the Jury.

The learned trial court in instructing the jury with respect to the meaning of the phrase "within the scope of employment" gave a portion of Wis. J I—Civil, Part II, 4035, 4040, and 4045, with inconsequential minor variations such as substituting "employer and employee" for "master and servant." The portion given consisted of the first three paragraphs of 4035, the first paragraph of 4040, and the first two paragraphs of 4045. It is appellant's contention that the instructions given on this issue were incomplete and should at least have included Wis. J I—Civil, Part II, 4000 which defines agency.

Appellant is precluded from raising this issue on appeal for two reasons. First, he failed to request the giving of any additional instructions, and, second, he did not move for a new trial on the ground of error in instructions.

In *Grinley v. Eau Galle* (1956), 274 Wis. 177, 179, 79 N. W. (2d) 797, this court has clarified the position of appellant who failed to request instruction:

"The record does not disclose that such instructions were requested by the plaintiffs. Therefore, error cannot now be predicated on their omission. Where instructions are incomplete, and do not cover a point that ought to be covered, this court will not reverse unless a timely request for appropriate instructions has been made to the trial court. *Madison Trust Co. v. Helleckson,* 216 Wis. 443, 456, 257 N. W. 691; *Jorgenson v. Hillestad,* 250 Wis. 592, 599, 27 N. W. (2d) 709; *Throm v. Koepke Sand & Gravel Co.* 260 Wis. 479, 483, 51 N. W. (2d) 49."

If an alleged error is one, such as an instruction claimed to be erroneous because incomplete, which the trial court could correct by granting a new trial, such error is not reviewable as a matter of right unless appellant has first moved for a new trial bottomed on such error in the trial court. *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 518, 80 N. W. (2d) 380. Our review of the record herein does not convince us that there is a probability that justice miscarried. Therefore, we decline to exercise our discretion to review the claimed error in instructions.

### Motion to Impose Double Costs.

There is no question but that appellant's appendix to his brief does not comply with our rules. Thirty-one pages of it are devoted to the testimony given at the trial. Most all of these 31 pages consist of quoting by question and answer testimony given at the trial instead of stating the same in narrative form as required by Rule 251.34 (5) (c), Stats.

There are also some omissions of evidence favorable to respondents. For example, Silverman testified at page 107 of the record that Electronic's records showed no sales made by Tucker on January 13, 1961. This is entirely omitted in the appendix. Again at page 123 of the record Silverman testified that according to Electronic's records there was no transaction with Hi Fi Center (the customer to whom Tucker testified he was transporting needles at the time of the accident) of any kind between January 11, 1961, and February 1, 1961. This also is omitted from the appendix. Reference is also made in the appendix to Exhibit 8 without stating that the trial court excluded this exhibit.

In *Henschel v. Rural Mut. Casualty Ins. Co.* (1957), 2 Wis. (2d) 466, 86 N. W. (2d) 633, we declared:

"In all future matters if on the hearing of the appeal it appears that the brief and appendix do not substantially comply with the rules, this court will in its discretion deny appellant costs should he be the prevailing party, and allow respondent double costs should the respondent prevail."

See also *Seifert v. Milwaukee & Suburban Transport Corp.* (1958), 4 Wis. (2d) 623, 627, 91 N. W. (2d) 236.

While the infraction in the instant case would doubtless warrant imposing double costs, we exercise our discretion to impose an additional $50 in costs against appellant-plaintiff as a penalty for this rule infraction.

*Attorneys Executing Appeal Undertaking.*

In examining the record in this case we find that the two counsel for appellant executed the $250 appeal undertaking. This is a clear violation of sec. 256.34, Stats., which provides:

"No attorney practicing in this state shall be taken as bail or security on any undertaking, bond or recognizance in any action or proceeding, civil or criminal, nor shall any practic-

ing attorney become surety on any bond or recognizance for any sheriff, constable, clerk of court or justice of the peace."

We assume that this violation occurred because counsel overlooked the existence of this statute. Therefore, we deem it advisable to point out the violation in this opinion so as to better alert the profession to the existence of this statute.

*By the Court.*—Judgment affirmed. Respondents are entitled to tax an additional $50 as costs.

The following memorandum was filed September 7, 1965.

PER CURIAM (*on motion for rehearing*). In his brief for rehearing the appellant correctly points out that this court overlooked an amended undertaking filed November 20, 1964, which was executed by a corporate surety. This undertaking supplanted the undertaking which was a violation of sec. 256.34, Stats. As the decision in this case did not turn upon the form of the undertaking and the other arguments on rehearing are insufficient to change the original opinion, the rehearing must be denied without costs.