CROWDER, Plaintiff and Respondent, v. MILWAUKEE & SUBURBAN TRANSPORT CORPORATION, Defendant and Appellant: BRINKMAN, Defendant and Respondent.*

*No. 200. Argued June 3, 1968.—Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 723.)

* Motion for rehearing denied, with costs, on September 9, 1968.

500

For the appellant there was a brief by *Kivett & Kasdorf,* attorneys, and *John M. Swietlik* of counsel, all. of Milwaukee, and oral argument by *Mr. Swietlik.*

For the respondent there was a brief and oral argument by *A. A. Hindin* of Milwaukee.

HEFFERNAN, J. The case was submitted to the jury on an ultimate-fact verdict, which found the Transport Corporation causally negligent and apportioned that negligence at 20 percent. Since separate questions were not asked in regard to the elements of negligence, it is impossible to ascertain what elements of negligence were found by the jury. If there is any credible evidence, however, from which the jury could conclude that the bus driver was negligent with respect to any of the items of negligence in regard to which they were instructed— lookout, management and control, or speed—the motion for directed verdict was properly denied and the jury's verdict must be sustained. *Bentzler v. Braun* (1967), 34 Wis. 2d 362, 149 N. W. 2d 626. This court must consider the evidence from the viewpoint most favorable to the respondent. *Kablitz v. Hoeft* (1964), 25 Wis. 2d 518, 131 N. W. 2d 346; *Zartner v. Scopp* (1965), 28 Wis. 2d 205, 137 N. W. 2d 107.

*Was it proper to instruct the jury*
*in regard to lookout*

Schubert testified that it was not until the bus was four feet into the intersection that he first observed

Brinkman's car. At that time, he testified, Brinkman's car was in the intersection and only 20 feet away. The trial judge in his memorandum opinion pointed out that a passenger on the left side of the bus sitting opposite the center door, one Williams, saw the Brinkman automobile before it entered the intersection. Williams' testimony indicates that he first saw the Brinkman car when it was 10 feet east of the east curbline. The trial judge concluded, rightly we believe, that Schubert's failure to see the Brinkman car prior to the time that he did, given the fact that Williams, who was in a less advantageous position to make the observation, saw the Brinkman car earlier than the bus driver did, was sufficient to give rise to the inference of improper lookout. We conclude, based on this evidence, that it was proper that the question go to the jury; and based on this evidence, the jury could have found Schubert negligent as to lookout. In the case of *Oelke v. Earle* (1956), 271 Wis. 479, 483, 74 N. W. 2d 336, we observed:

". . . even though Maxfield thereby had the right of way over the Earle automobile, it was still Maxfield's duty to maintain a proper lookout as to vehicles approaching the intersection from his right on West Center street. [Citing cases]

"If, when Maxfield made his first observation to the east on approaching the intersection, the newspaper shack so obstructed his vision as to prevent him from seeing the approaching Earle car, then it was his duty to make a further observation to the east at a point which would have enabled him to take effective steps to avoid a collision."

We find no error in the trial judge submitting an instruction on lookout.

*Was it proper to instruct the jury*
*on management and control*

It is the contention of the Transport Corporation that it is undisputed that Schubert applied his brakes and also

swerved the bus in an effort to avoid the Brinkman automobile. The trial judge, however, concluded that certain testimony of Schubert himself gave rise to the inference that he did not apply the brakes. The court pointed out in its memorandum decision that Schubert, when being adversely examined by plaintiff's counsel, failed to recount any activity on his part in the management and control of the bus other than a turn to the right. However, a perusal of the evidence indicates that during such adverse examination Schubert was never asked whether or not he had applied his brakes. This point was omitted entirely from that portion of the testimony. This omission, however, we feel, was supplied by other testimony, for on redirect testimony Schubert clearly stated that he applied his brakes in addition to veering to the right. Moreover, the testimony of the passenger Williams is relevant to this point:

"*Q.* The bus driver changed his course? *A.* Yes.
"*Q.* What did he do? *A.* He hit the brakes . . . ."

It would thus appear it was uncontradicted that Schubert applied his brakes and attempted to turn the vehicle. Whatever negative inference might have arisen from Schubert's adverse testimony was dispelled by the clarifying questions asked by his own counsel and also by the testimony of Williams. We are satisfied that the judge erred in instructing on management and control.

*Was it proper to instruct the jury*
*as to speed*

Schubert testified that prior to approaching the intersection he was traveling at approximately 25 miles per hour and that he was slowing down, so that he was traveling at about 15 miles per hour when the collision with the Brinkman car occurred. The posted speed limit on both of the streets was 25 miles per hour. There was testimony by Schubert that, traveling at the speed of

15 miles per hour on wet asphalt pavement, he could stop his bus at a distance of approximately 15–18 feet. He, however, acknowledged that under those circumstances, were he to take into consideration the safety of his passengers, a stop would require 45–50 feet.

We conclude that the jury was properly instructed that they should take into consideration not only the posted speed limit but the speed under the conditions and circumstances then present. These circumstances, of course, included the fact that Schubert's view was, as he claimed, partially obstructed, the pavement was wet, it was still dark, and he had 18 passengers on the bus.

The appellant appears to rely on *Lundquist v. Western Casualty & Surety Co.* (1966), 30 Wis. 2d 159, 140 N. W. 2d 241. The reliance upon that case appears misplaced under these circumstances. While that case involved an intersection accident and held that there was no duty on the part of a driver on an arterial highway to slow down in anticipation that the user of an intersecting highway would not yield the right of way, a reading of that case makes it clear that this rule has reference to open intersections when the view of neither party is obstructed. Moreover, the jury was properly instructed that the Transport Corporation was a common carrier and that, in order for it to comply with the standard of ordinary care, it was required to exercise the highest degree of care for the safety of its passengers, ". . . that men of reasonable vigilance and foresight ordinarily exercise in the practical conduct of such business, under the same or similar circumstances."

The appellant also challenges a portion of the instruction with regard to speed which referred to sec. 346.57 (2), Stats. That instruction consisted in part of the following statement:

"A statute regulating speed of motor vehicles provides that 'No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then

existing,' and that the driver shall exercise ordinary care to so regulate his rate of speed, '. . . as may be necessary to avoid colliding with any object, person, vehicle or other conveyance on or entering the highway *in compliance with legal requirements and using due care.'* " (Emphasis supplied.)

Initially it should be noted that the appellant requested the instruction that it now objects to. Appellant asked that, in view of the court's determination not to find Ronald Brinkman negligent as a matter of law, it include in the instructions Wisconsin Civil Jury Instruction No. 1285. This is the instruction given which incorporates the provisions of sec. 346.57 (2), Stats. As we pointed out in *Van Wie v. Hill* (1961), 15 Wis. 2d 98, 105, 106, 112 N. W. 2d 168, a failure to object to instructions precludes a party from raising an objection to the instruction on appeal. Certainly the rationale behind that rule is even stronger when the party who now complains requested the instruction. The trial judge properly pointed out that it would have been prejudicial to the interests of the Transport Corporation to have omitted the phrase, "in compliance with legal requirements and using due care," inasmuch as this gave the jury by its inclusion the opportunity, if it felt that Brinkman was not on the highway in compliance with the law or using due care, to exonerate the Transport Corporation of negligence in this respect.

It was not error to include this instruction and, in any event, we are satisfied that the admitted speed of the bus driver in view of the darkness, the wet conditions of the highway, the obstructed intersection, and the fact that there were passengers aboard the bus made it reasonable to submit an instruction on speed. On the basis of the undisputed facts it would not have been contrary to the evidence for the jury to have found the driver of the bus negligent in this respect. A finding of negligence as to speed is clearly supportable.

While we disagree with the trial judge's determination to offer an instruction relative to management and control by the bus driver, since we find no evidentiary foundation upon which a jury could find negligence in that respect, we nevertheless are satisfied that such error was not prejudicial. The burden was upon the appellant to establish that fact if it were so, and it has not done so.

In a similar situation in *Bentzler v. Braun, supra,* page 374, we stated:

"However, we deem the erroneous inclusion of the instruction on management and control not to have been prejudicial because we do not believe it probable that it affected the jury's comparison of negligence."

We are satisfied that, even excluding what appears to be an erroneous instruction, the jury properly could find 80 percent of the negligence attributable to Brinkman and 20 percent to the Transport Corporation.

*Did the trial court's failure to find Brinkman negligent as a matter of law constitute prejudicial error*

A fair perusal of the record leaves no doubt that Brinkman ran the red light and was negligent as a matter of law. The trial court in its memorandum opinion defended its refusal to make such finding. The explanation offered therein has much to recommend it. The trial judge took the position that there is the possibility that a finding of negligence on a particular item as a matter of law might wield a disproportionate influence upon the jury's finding, particularly in the area of comparison of negligence. While we recognize this possibility, this court on several occasions has concluded that, in the proper case where the negligence is undisputed, such a finding should be made. We said in *Field v. Vinograd* (1960), 10 Wis. 2d 500, 509, 103 N. W. 2d 671:

"It may be that in comparing the negligence in such a case a jury will give great weight to the finding by the court and the problem is inherent in a situation where the court is compelled to make such a finding. But it can and should be met by instructions making it clear that no greater weight should be given such a finding than should be given to a finding made by the jury."

In *Niedbalski v. Cuchna* (1961), 13 Wis. 2d 308, 314, 108 N. W. 2d 576, when the same point was made, this court stated:

"We decline, however, to adopt a rule based on a premise that a jury attributes disproportionate importance to negligence found by the judge in all, or a substantial number of the cases in which findings are made as a matter of law."

This court has consistently taken the position that, when coupled with proper instructions, it is not error to find negligence as a matter of law. In addition it is our opinion, unless some unusual circumstances militate against it, that a trial judge should make findings as a matter of law whenever such findings would clearly be uncontroverted by the evidence.

We are satisfied from a review of the record that the trial judge had the obligation in this case to find Brinkman negligent as a matter of law. However, we find that the error in that respect was not prejudicial. As the learned trial judge correctly pointed out, the error was cured by the jury's verdict finding negligence.

In *Zeitlow v. Western Casualty & Surety Co.* (1962), 17 Wis. 2d 172, 176, 115 N. W. 2d 758, we said that even though it were held that the trial court erred in the failure to make a finding of negligence as a matter of law:

". . . the error would be harmless, for the jury answered the question as appellants wished the court to answer it. And if the court had answered as appellants requested, the jury would still have to make the comparison of causal negligence between the parties."

The same statement was quoted with approval in *Moritz v. Allied American Mut. Fire Ins. Co.* (1965), 27 Wis. 2d 13, 18, 133 N. W. 2d 235.

As stated above, Brinkman was found 80 percent negligent. Under these circumstances we see no prejudice in the verdict as a result of the judge's failure to find that Brinkman was negligent as a matter of law.

*By the Court.*—Judgment affirmed.

* Motion for rehearing denied, without costs, on September 6, 1968.