SEVERSON, Respondent, v. CITY OF BELOIT and another, Appellants.*

*No. 207. Argued April 4, 1969.—Decided May 6, 1969.*
(Also reported in 167 N. W. 2d 258.)

\* Motion for rehearing denied, with costs, on June 27, 1969.

For the appellants there was a brief by *Roy E. Berg* and *Berg & Gage,* all of Janesville, for the city of Beloit, and by *Arnold J. Wightman* and *Hart, Wightman & Thurow,* all of Madison, for the Beloit School of Vocational and Adult Education, and oral argument by *Louis D. Gage* and *Arnold J. Wightman.*

For the respondent there was a brief and oral argument by *Donald W. Kaatz* of Madison.

HEFFERNAN, J. This court has uniformly held that the verdict of a jury will be sustained if there is any credible evidence which under a reasonable view will sustain it. *Kinsman v. Panek* (1968), 40 Wis. 2d 408, 162 N. W. 2d 27. In *Ernst v. Greenwald* (1967), 35 Wis. 2d 763, 151 N. W. 2d 706, this court concluded that a verdict would be set aside only if at least one of the three following factors appeared: (1) If, as a matter of law, the plaintiff's negligence equaled or exceeded that of the defendant; (2) if the percentages attributed to the parties are grossly disproportionate; or (3) if there was such failure of proof that the verdict was based upon speculation. It is the second factor which the defendants stress upon this appeal. In an admirable memorandum decision following the motions after verdict, the trial judge reviewed the record and pointed out the credible evidence upon which the jury might well have based their apportionment of 75 percent negligence to the defendants. He stated that there was evidence of inadequate advance

instruction given to the plaintiff in setting up and operating the multispeed grinder. He concluded from the evidence that the jury might well have determined that, although a set of safety rules had been given to the plaintiff in 1961, further instructions were not distributed in 1962. He found that there was evidence of inadequate teacher supervision and of the instructor's failure to fully enforce the school's safety regulations. He also pointed out that the testimony was unequivocal that, even when the grinder was properly set up and in the mode prescribed, it was, nevertheless, dangerous because the drop cord ran to the grinder in an awkward manner that required the operator to reach directly over the grinder wheel in order to start its operation; and he emphasized that, although the instructor knew of the hazards of operating the machine without a guard, he failed to so advise the plaintiff.

The defendants on this appeal make much of the fact that the plaintiff was employed in industry, that he was not a child, and that he should have avoided hazards by following the instructions and complying with the safety regulations. While we cannot dispute the defendants' contention that such conduct would have tended to prevent the accident and the failure to observe precautions constituted negligence on the part of the plaintiff, nevertheless, the record does not establish the contention that the plaintiff was an experienced machinist. On the contrary, his industrial record, as presented in court, made it apparent that the flute-grinding operation he performed in his employment was a simple manual operation that required no skill or special knowledge in setting up the machine. His industrial work was very unlike what he was attempting to do in the classroom. He was attending the Vocational School because he did not know how to operate such a machine and wished to learn. Viewing the evidence from the point of view most favorable to the respondent, it supports the apportionment of negligence found by the jury.

Additionally, the defendants argue that the trial judge erred in failing to find the plaintiff negligent as a matter of law prior to submitting the case to the jury. The trial judge in his memorandum points out that there was indeed evidence of an undisputed nature which would have enabled him to hold that the plaintiff was negligent as a matter of law. It was undisputed that the plaintiff did not, upon setting up the machine on the Tuesday evening of the accident, recheck the setup to make sure that it conformed with instructions. Rather, he negligently assumed that his original setup was correct and that it had not been changed in the several days' interval. However, the jury, as a matter of fact, found him negligent; and, as we have previously stated, the defendant is not prejudiced when the jury in its verdict subsequently makes the findings of negligence that the trial judge could have made prior to a submission of the case. *Crowder v. Milwaukee & Suburban Transport Corp.* (1968), 39 Wis. 2d 499, 508, 509, 159 N. W. 2d 723; *Zeitlow v. Western Casualty & Surety Co.* (1962), 17 Wis. 2d 172, 176, 115 N. W. 2d 758; *Davis v. Skille* (1961), 12 Wis. 2d 482, 107 N. W. 2d 458.

The defendants also argue that the court erred in failing to submit an instruction in regard to the duty of the instructor and a question in regard to his negligence as distinguished from that of either the Vocational School or the City of Beloit. The record shows that such an instruction was never requested, nor was any such objection made to the instructions that were given. The trial judge's memorandum points out that counsel for both the Vocational School and the City specifically agreed that the question of negligence to the jury be submitted "in terms of negligence on the part of the City of Beloit and the Beloit School of Vocational and Adult Education." We are satisfied that the failure to ask for the special instruction that is now asserted as proper and the failure to object to the instructions as given precludes the defendants from objecting to the instructions on this appeal.

*Withers v. Tucker* (1965), 28 Wis. 2d 82, 87, 135 N. W. 2d 776; *Van Wie v. Hill* (1961), 15 Wis. 2d 98, 105, 106, 112 N. W. 2d 168; *Grinley v. Eau Galle* (1956), 274 Wis. 177, 179, 79 N. W. 2d 797. Furthermore, it appears that the question in regard to negligence was substantially in the form submitted to the court by the defendants.

The defendant, City of Beloit, as a separate defense in this appeal contends that it should be dismissed from the action because the plaintiff failed to prove that the Vocational School is an agency or department under the control of the City of Beloit. Although the City of Beloit, following the close of the plaintiff's testimony, moved to dismiss on this very ground, we have already noted that the trial judge's memorandum decision makes it clear that the City of Beloit made no objection to having its negligence determined and the question submitted to the jury on the same basis as the negligence of the Vocational School was to be considered. It agreed that the Vocational School and the City were to be considered in a single question and to be treated as one. We, of course, do not find that consideration controlling, although it is persuasive. We conclude that sec. 41.15 (17) (a), Stats., is controlling in that it states, "Said board may sue and be sued in the name of the municipality . . . ." Moreover, sec. 41.15 (9) (a) 1 provides, "Every city or village with a population of 5,000 or more shall appoint a local board . . . ." Sec. 41.15 (14) provides that all conveyances, leases and contracts entered into by the Vocational and Adult Education Board shall be in the name of the city. We are satisfied that this statutory scheme clearly contemplates that the municipality, in this case the City of Beloit, is properly a party to this lawsuit and, when viewed in the procedural context of the trial, is answerable to the judgment of the trial court.

*By the Court.*—Judgment affirmed.