KAMP, Plaintiff and Respondent, v. CURTIS and another, Defendants and Appellants: FORD, BACON & DAVIS CONSTRUCTION COMPANY, Defendant and Respondent.

*No. 173. Argued March 3, 1970.—Decided March 31, 1970.*
(Also reported in 175 N. W. 2d 267.)

For the appellants there was a brief and oral argument by *William E. Johnson* of Madison.

For the plaintiff-respondent there were briefs by *Lawton & Cates, James A. Olson,* and *Richard L. Cates,* all of Madison, and oral argument by *Mr. Olson.*

For the defendant-respondent there was a brief by *Stafford, Rosenbaum, Rieser & Hansen* and *Richard A. Hollern,* all of Madison, and oral argument by *Mr. Hollern.*

HANLEY, J. Four issues are presented on this appeal:

(1) Did the trial court commit prejudicial error by refusing to find and instruct the jury that the plaintiff Kamp was negligent by law as to speed;

(2) Did the plaintiff's expert base his answer to a hypothetical question on facts not in evidence; and, if so, were defendants Curtis and his insurer so prejudiced as to require a new trial;

(3) Did the trial court err in not changing the jury's finding that defendant Curtis was an employee of Ford, Bacon & Davis at the time of the accident; and

(4) Did the trial court err in changing the jury's finding that defendant Curtis was acting within the scope of his employment at the time of the accident?

*Refusal to find and instruct negligence as matter of law.*

At the trial of this action plaintiff Kamp testified that he was traveling at a speed of between 45 and 55 miles per hour as he approached the site of the collision. In addition, it was stipulated that the gross weight of his truck exceeded 10,000 pounds.

This court has consistently held that violations of a "safety statute" constitute negligence per se. *Burke v. Milwaukee & Suburban Transport Corp.* (1968), 39 Wis.

2d 682, 159 N. W. 2d 700. Since sec. 346.58 (2),[2] Stats., prohibits commercial vehicles having a gross weight in excess of 10,000 pounds to be driven in excess of 45 miles per hour, Curtis and his insurer contend the trial court erred in not so finding and instructing the jury.

Defendants further contend such error was prejudicial because the jury in assessing plaintiff Kamp's negligence at only 20 percent may possibly have found him negligent as to management and control, lookout, and position on the road, but not negligent as to speed. They then speculate that if this were so, it is possible that had the trial court instructed the jury of plaintiff's negligence as to speed, it may have attributed greater negligence to the plaintiff, thereby exonerating them in whole or in part. They do not, however, point to any evidentiary facts which would support their conclusion.

Although there may be merit to this contention, it has been considered and rejected by this court in similar cases, including *Zeitlow v. Western Casualty & Surety Co.* (1962), 17 Wis. 2d 172, 176, 115 N. W. 2d 758; *Crowder v. Milwaukee & Suburban Transport Corp.* (1968), 39 Wis. 2d 499, 508, 509, 159 N. W. 2d 723; and most recently in *Severson v. Beloit* (1969), 42 Wis. 2d 559, 567, 167 N. W. 2d 258.

Each of these three cases involved ultimate fact verdicts wherein a party found negligent by the jury's

---

[2] "346.58 **Special speed restrictions for certain vehicles.** In addition to complying with other speed restrictions imposed by law, no person shall drive any of the following types of vehicles at a speed in excess of the limits fixed by this section:

"(1) 15 miles per hour for any vehicle equipped with metal or solid rubber tires. 'Metal tire' means a tire the surface of which in contact with the highway is wholly or partially of metal or other hard, nonresilient material; 'solid rubber tire' means a tire made of rubber but not inflated with compressed air.

"(2) 45 miles per hour for any commercial vehicle or combination of commercial vehicles, except motor busses, having a gross weight of more than 10,000 pounds."

verdict appealed, claiming, as do Curtis and his insurer, to have been prejudiced by the trial court's failure to find the opposite party negligent as a matter of law prior to submitting the case to the jury.

Each of these cases, however, is distinguishable from the instant case in that here, unlike the cited cases, the jury was instructed that the party not found negligent as a matter of law could be negligent in *several* respects other than that in which he should have been found negligent by law. We think, however, that in light of the evidence before the jury, the possibility of its not having found plaintiff Kamp negligent as to speed is highly unlikely and too speculative to require a holding that the trial court's error was prejudicial. We believe the jury answered the question as defendants wished the court to answer it.

### *Basis for plaintiff's hypothetical question.*

During the course of the trial both plaintiff and defendant attempted to establish that the other had crossed the center line of the highway and was in the wrong lane at the time of the accident. The plaintiff thus called Professor Archie H. Easton, an accident reconstruction expert, to testify as to the point of impact. It is the position of Curtis and his insurer that the trial court erred in allowing Professor Easton to answer the plaintiff's hypothetical question concerning point of impact because there was no evidence in the record upon which such question could be based.

However, an examination of the record clearly reveals that Professor Easton based his conclusion as to point of impact upon physical evidence such as the existence and location of a gouge in the highway, the bent trailer hitch, the location of the Curtis vehicle's departure from the highway, the dimensions of and damage to the vehicles and a survey of the accident scene. In addition,

there was, as noted in the trial court's decision, testimony by the plaintiff himself which would have served as a basis for the hypothetical question asked of Professor Easton.[3]

The trial court was not in error in allowing Professor Easton to answer the hypothetical question posed to him. In fact, as recently noted in *Rabata v. Dohner* (1969), 45 Wis. 2d 111, 122, 172 N. W. 2d 409, Professor Easton could have given his opinion without resort to the use of a hypothetical question since he had firsthand knowledge of the physical facts concerning the accident.

### Relationship between Curtis and Ford, Bacon & Davis at time of accident.

On July 18, 1965, the day of the accident, Curtis was traveling to La Crosse, Wisconsin. He had, prior to July 14, 1965, worked for the Texas Eastern Transmission Corporation. However, on that day he contacted Ford, Bacon & Davis and, after conferring with their representative, signed an application for employment. Although he was then informed he would be working in the general vicinity of La Crosse, Wisconsin, he was instructed to first report to the offices of the Northern Natural Gas Company in Omaha, Nebraska, on July 24, 1965, the first day for which he received wages.

Mr. Curtis testified it was his intention to store his personal belongings in La Crosse and then continue to Sioux City, Iowa, where he planned to visit relatives, before proceeding to Omaha to receive his final orders.

Since the record also indicates that Curtis was reimbursed for some of his expenses in traveling to Omaha, the plaintiff contends he was an employee of Ford, Bacon

---

[3] When asked, ". . . prior to the time you had impact, did your truck, to your knowledge, ever leave your right-hand lane?" the plaintiff responded, "No, it did not."

& Davis and was acting within the scope of such employment at the time of the accident.

As to whether Curtis was, in fact, employed by Ford, Bacon & Davis on July 18, 1965, the plaintiff contends that it is inconceivable Ford, Bacon & Davis would have reimbursed Curtis had he not been an employee. He thus concludes that the jury was justified in inferring Curtis was an employee despite the fact that the employment application listed July 24, 1965, as the starting date of his employment.

Whether the jury was in fact so justified need not be decided, however, because even assuming the propriety of such an inference, the evidence does not warrant a finding that Curtis was acting within the scope of his employment at the time of the accident.

The plaintiff takes the erroneous position that the mere fact Curtis' travel was necessitated by Ford, Bacon & Davis' assignment of him to the La Crosse area renders his travel an act within the scope of his employment. Relying on *Barragar v. Industrial Comm.* (1931), 205 Wis. 550, 238 N. W. 368, wherein this court quoted from *Matter of Marks v. Gray* (1929), 251 N. Y. 90, 167 N. E. 181, the plaintiff contends that once the trip is established to be that of the employer, it is unnecessary to establish the employer's right to control the details of the trip.

This court has recognized in *Strack v. Strack* (1961), 12 Wis. 2d 537, 541, 107 N. W. 2d 632, that:

" 'Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or *too little actuated by a purpose to serve the master.*' (Italics ours.) "

Even assuming the purpose of the trip was sufficiently that of the employer, the plaintiff is in error in that the right to control has long been the touchstone in determin-

ing whether one was acting within the scope of his employment. *Barragar* and *Marks* which was cited therein, unlike the instant case, involved a claim arising out of the Workmen's Compensation Act. This court, as early as *Butler v. Industrial Comm.* (1953), 265 Wis. 380, 383, 384, 61 N. W. 2d 490, recognized that the principles of the common-law doctrine of *respondeat superior* were different from those applicable to workmen's compensation cases.

In the instant case, while Curtis was reimbursed for neither expenses incurred in traveling from his former home to La Crosse nor for expenses in moving his family and belongings, he was compensated for the cost of traveling from his former home to Omaha. Such reimbursement, however, did not grant nor did Ford, Bacon & Davis exercise any control over the method or route of Curtis' travel.

A case similar to that now before the court was *Geldnich v. Burg* (1930), 202 Wis. 209, 231 N. W. 624. There an employer by the terms of the employment contract allowed his employee the use of a car in traveling to and from work. On the way to work, the employee was involved in an accident which resulted in an action against the employer. This court, in dismissing the action, stated, at page 210:

". . . it is the business of the employee to present himself at the place of employment, and the relation of master and servant does not exist while he is going between his home and his place of employment. . . ."

In *Strack v. Strack, supra,* at page 541, an employee was allowed, but not directed, to drive his own automobile to a jobsite and while so doing collided with another vehicle. This court, citing the Restatement, 1 *Agency* 2d,[4] stated:

[4] Restatement, 1 *Agency* 2d, p. 530, sec. 239, comment *b.*

" 'The master may authorize the use of a particular instrumentality without assuming control over its use as a master. The fact that he does not own it or has not rented it upon terms that he can direct the manner in which it may be used indicates that the servant is to have a free hand in its use. If so, its control by the servant, although upon his master's business, is not within the scope of the employment.' "

In the instant case, as in *Strack,* the employee was not directed to use his vehicle in traveling to his place of employment. Curtis was free to use his own instrumentality and to choose his own route of travel free from any supervision or control of Ford, Bacon & Davis. Under such circumstances, the trial court was correct in changing the jury's verdict so as to find Curtis outside the scope of his employment at the time of the accident.

We conclude that the trial court's judgment dated February 28, 1969, must be affirmed, as well as the judgment dated April 1, 1969.

*By the Court.*—Judgments affirmed.